ATTORNEYS FOR APPELLANTS
Robert D. King, Jr.
David Ray Thompson
Law Office of Robert D. King, Jr., P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Robert Edward Duff
Indiana Consumer Law Group/
Law Office of Robert E. Duff
Lebanon, Indiana

# In the
# Indiana Supreme Court

**FILED**
Mar 27 2014, 8:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 49S02-1311-PL-758

FRONT ROW MOTORS, LLC, AND
JERRAMY JOHNSON,

*Appellants (Defendants below),*

v.

SCOTT JONES,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, Civil Division 2, No. 49D02-1001-PL-001299
The Honorable Theodore M. Sosin, Presiding Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-1206-PL-502

**March 27, 2014**

**Rucker, Justice.**

A car dealership appeals the denial of its motion to set aside default judgment. We conclude the trial court lacked jurisdiction over the dealership at the time the default was entered and therefore reverse the trial court's judgment.

**Facts and Procedural History**

Jerramy[1] Johnson is a car dealer and the owner of Front Row Motors, LLC. Johnson sold Scott Jones a used car on which Jones believed Johnson had rolled back the odometer and fraudulently claimed otherwise. Jones filed a complaint against Front Row Motors, LLC alleging among other things a violation of the Indiana Deceptive Sales Act. Counsel entered an appearance on Front Row's behalf and answered the complaint. Discovery ensued in due course; and Johnson's deposition was scheduled for March 23, 2011. As it turns out Johnson at that time was in the custody of the Hamilton County Community Corrections facility. On that same date counsel withdrew his appearance for Front Row. After Johnson failed to appear for his deposition, Jones filed a motion to compel discovery. See Ind. Trial Rule 37(A). The trial court granted the motion ordering Johnson to appear for deposition on April 19, 2011. When Johnson again failed to appear Jones moved for default judgment against Front Row as a sanction. At the hearing on the motion, Jones argued, "we believe . . . that a default judgment, in favor of Mr. Jones and against Front Row Motors is now warranted, for Mr. Johnson's failure to appear twice for his deposition." Hr'g. on Default Tr. at 7.[2] However, Jones asked the trial court to withhold ruling on the motion so that he could amend his complaint to add Jerramy Johnson as an additional defendant. Jones explained: "[I]f the Court would . . . allow us to, we'd like to add Mr. Johnson as a Defendant, personally, and . . . probably proceed to get a default judgment against him as well, and have the Court ultimately issue judgment against him personally, and

---

[1] We note in passing that in their Brief and Appendix before the Court of Appeals, their Petition to Transfer before this Court, as well as several pleadings in the trial court the parties spell Johnson's first name "Jerramy." However, in an affidavit submitted to the trial court in support of a motion to set aside default judgments, the spelling of Johnson's first name appears as "Jeremy," App. at 95, 96, as well as "Jeramy." App. at 95.

[2] The record includes a transcript of the May 2, 2011 hearing on Jones' Motion for Default Judgment against Front Row Motors, which we will refer to as "Hrg. on Default Tr." The record also contains a transcript of the January 30, 2012 hearing on Front Row Motors and Jerramy Johnson's Motion to Set Aside Default Judgment, which will be referred to hereinafter as "Tr."

Front Row Motors." Hrg. on Default Tr. at 8. With leave of court, on May 19, 2011 Jones filed his First Amended Complaint adding Johnson as a party defendant.

After Johnson failed to respond to the amended complaint, Jones moved for a hearing on default judgment and damages. Notice of the hearing was served on Johnson at his business address as well as his home address. The record would later reveal Jones was aware that Johnson was still in the custody of the Hamilton County Community Corrections facility. At a hearing where neither of the defendants nor counsel on their behalf appeared, the trial court awarded damages in favor of Jones and against Johnson and Front Row Motors "jointly and severally" in the amount of $34,616.73. App. at 61.

Thereafter counsel re-entered his appearance for Front Row Motors and also entered his appearance for Johnson individually. Represented by counsel, defendants moved to set aside the default judgments based on "Imperfect Service of Process." App. at 63. Among other things the motion alleged "the Default Judgment is void as a matter of law" citing Trial Rule 60(B). App. at 66. The trial court conducted a hearing on the motion and after entertaining arguments of counsel summarized defendants' argument as follows:

> [T]he essence of your argument is that when the Plaintiff filed their Motion for Hearing on a Default Judgment Damages, their certificate of service was to Front Row Motors, care of the registered agent, at [Johnson's home address] at a time when they knew that Mr. Johnson was in custody in Hamilton County, and … service to Jerramy Johnson at [Johnson's business address].
>
> \*     \*     \*
>
> So that they, knowing he was at neither one of those places, that's where their certificate of service went[.]

Tr. at 64-65. To which counsel replied: "That['s] correct." Tr. at 65.

Jones conceded that whether valid service was made on Johnson in his individual capacity was "a very close question" and thus did "not object to the judgment against Jerramy Johnson personally being set aside." App. at 101. However, with respect to Front Row Motors

3

Jones contended it was not entitled to service during the period in which the company was unrepresented; service of the various pleadings during this period of time was made at one or more of the three different addresses associated with Johnson and/or Front Row Motors; and there was no evidence that Johnson, while incarcerated at the corrections facility, was not being forwarded the mail sent to his other addresses. See Tr. at 71-73.

The trial court entered an order setting aside the default judgment as against Johnson because "Plaintiff did not object to the default judgment against Jerramy Johnson personally being set aside." App. at 8 (Order on Def.'s Mot. to Set Aside Default J. at 1). As for Front Row Motors the trial court denied the motion on grounds that Defendants' argument "is not well taken." Id.

Johnson and Front Row (collectively "Appellants") timely appealed arguing the trial court abused its discretion in failing to set aside the default judgment as to Front Row.[3] Jones responded with a motion to dismiss the appeal on grounds that the trial court's order was neither a final judgment nor an appealable interlocutory order. Appellants filed a memorandum in response and Jones filed a brief in reply. In unpublished orders the Court of Appeals granted Jones' motion, declared the appeal "dismissed with prejudice" and denied rehearing. See Front Row Motors, LLC v. Jones, No. 49A02-1206-PL-502 (Ind. Ct. App. Feb. 15 and Apr. 22, 2013). Appellants sought transfer which this Court granted by order dated November 14, 2013 thereby assuming jurisdiction over this appeal. See Ind. Appellate Rule 58(A). Additional facts are recited below.

## Discussion

### I.

### Appellate Jurisdiction

In support of his motion to dismiss this appeal Jones argued: "Because the judgment against Jerramy Johnson was set aside, the trial court's order did not dispose of all claims as to

---

[3] Johnson does not appeal the order as applied to him individually. Johnson is listed as a party on appeal because he is a party of record in the trial court. See Ind. Appellate Rule 17(A).

4

all parties and therefore was not a final appealable judgment." Pl's Mot. to Dismiss at 1 (citations omitted). Jones also contended: "Appellants did not pursue this appeal as an interlocutory appeal pursuant to Indiana Rule of Appellate Procedure 14(B), and therefore [the Court of Appeals] lacks jurisdiction to entertain this appeal." Id.[4]

We first observe there is no claim before us that the trial court's May 2012 order—granting in part and denying in part Appellants' motion to set aside the default judgments—is an appealable interlocutory order and thus governed by the dictates of Appellate Rule 14. Instead the question is whether the order is final and appealable. Trial Rule 54(B) provides in pertinent part:

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

As we declared in Martin v. Amoco Oil Co., "[a] judgment or order as to less than all of the issues, claims, or parties in an action may become final only by meeting the requirements of T.R. 54(B)." 696 N.E.2d 383, 385 (Ind. 1998). "The purpose of Trial Rule 54(B) is to avoid piecemeal litigation and appeal of various issues in a case and to preserve judicial economy by protecting against the appeal of orders that are not yet final." Paulson v. Centier Bank, 704 N.E.2d 482, 488 (Ind. Ct. App. 1998), trans. denied. Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003).

At first blush it would appear the trial court's order in this case was indeed not final. By granting in part and denying in part Appellants' motion to set aside the default judgments, the trial court adjudicated "less than all the claims and parties." T.R. 54(B). And in doing so the

---

[4] The motion to dismiss and the reply brief in support are the only papers Jones has tendered on appeal. In our November 14, 2013 Order granting transfer the Court directed Jones to file his appellee's brief by December 31, 2013 and directed Appellants to file any reply brief by January 21, 2014. See Order, No. 49S02–1311–PL–758 (Nov. 14, 2013). Jones has not responded.

5

trial court did not "in writing expressly determine[] that there is no just reason for delay" and did not "in writing expressly direct[] entry of judgment[.]" Id. But Trial Rule 54(B) is not the only way an order becomes final and appealable. Indiana Appellate Rule 2(H) provides five different ways in which that might happen,[5] including "it is deemed final under Trial Rule 60(C)[.]" App. R. 2(H)(3). In turn Indiana Trial Rule 60(C) provides in relevant part: "A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule *shall be deemed a final judgment*, and an appeal may be taken therefrom as in the case of a judgment." (emphasis added); see also Coslett v. Weddle Bros. Const. Co., 798 N.E.2d 859, 861 (Ind. 2003) (affirming the trial court's order setting aside default judgment and declaring: "A ruling denying or granting relief on a motion to set aside a default is deemed a final judgment from which an appeal may be taken.").

In the case before us Appellants' motion to set aside the default judgments entered against them invoked several grounds for relief under Trial Rule 60(B). And the trial court's order—although not expressly citing Rule 60(B)—granted in part the relief Appellants sought under the Rule. Hence, even though the trial court's order was not a final judgment within in the meaning of Trial Rule 54, it was nonetheless deemed final by operation of Trial Rule 60(C). Therefore contrary to Jones' argument, the appellate courts do not lack jurisdiction to entertain this appeal. We thus move to the heart of Appellants' claim.

---

[5] The rule provides:

> A judgment is a final judgment if:
> (1) it disposes of all claims as to all parties;
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
> (3) it is deemed final under Trial Rule 60(C);
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
> (5) it is otherwise deemed final by law.

App. R. 2(H).

6

## II.

## Merits of The Appeal


"Upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for abuse of discretion." Allstate Ins. Co. v. Watson, 747 N.E.2d 545, 547 (Ind. 2001). However, the trial court's discretion "should be exercised in light of the disfavor in which default judgments are held." Id. "Indiana law strongly prefers disposition of cases on their merits." Coslett, 798 N.E.2d at 861. And "[a]ny doubt of the propriety of a default judgment should be resolved in favor of the defaulted party." Id.


We also note Jones has not filed a brief in support of the trial court's judgment. See supra note 4. When the Appellee fails to submit an answer brief "we need not undertake the burden of developing an argument on the [A]ppellee's behalf." Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006). Instead "we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." Id. "Prima facie error in this context is defined as, 'at first sight, on first appearance, or on the face of it.'" Id. (quoting Santana v. Santana, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).


In this case at the hearing on the motion to set aside the default judgments neither side called witnesses nor introduced exhibits into evidence. Rather the trial court entertained arguments of counsel. And counsel for Appellants specifically represented: "He [Johnson] did not have, he [Johnson] did not have notice . . . ." Tr. at 65. Further, there appears to be no dispute that (a) Jones knew Johnson was the registered agent of Front Row Motors, LLC, (b) Jones knew that at the time he purportedly sent notice to Johnson of the default damages hearing, Johnson was in the custody of the Hamilton County Corrections facility, and (c) despite this knowledge Jones did not serve Johnson at the facility. For example the record shows on May 18, 2011 Jones served by U.S. Mail a copy of his amended complaint upon Johnson as "Registered Agent of Front Row Motors, LLC" at Johnson's home address; and upon Johnson in his individual capacity at his home address, his business address, as well as the address of the Hamilton Community Corrections Facility. App. at 55. But on June 29, 2011, when Jones

served notice of the motion for default judgment and damages hearing, he did so only at Johnson's home and business addresses. See App. at 58. When the trial court specifically asked counsel for Jones, "[s]o you were aware that he was in community corrections" counsel responded, "I think that's a reasonable inference from that . . . that we were." Tr. at 77.

On a motion to set aside a default judgment, the burden is on the movant to show sufficient grounds for relief. Stidham v. Whelchel, 698 N.E.2d 1152, 1156 (Ind. 1998) (citation omitted). Indiana Trial Rule 60(B) provides in pertinent part: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: . . . (6) the judgment is void." And a judgment entered where there has been no service of process is void for want of personal jurisdiction. Stidham, 698 N.E.2d at 1155 n.3 (citations omitted).

Indiana Code section 23-1-24-4 provides in relevant part: "A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation." I.C. § 23-1-24-4(a). The record shows that at all relevant times during the pendency of this action Jerramy Johnson was the registered agent for Front Row Motors, LLC. Indeed Jones served Johnson in that capacity at the address listed with the Secretary State, namely Johnson's home address. But Jones knew that Johnson was not present at that address and instead was a resident of a Community Corrections facility. Despite this knowledge Jones made no effort to serve Johnson—the registered agent of Front Row Motors—at the facility.

As we have observed: "[N]otice should be such as is reasonably calculated to inform defendant of the pending proceedings." In re Adoption of L.D., 938 N.E.2d 666, 671 (Ind. 2010) (quoting Mueller v. Mueller, 287 N.E.2d 886, 889 (Ind. 1972); see also Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950) ("[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."). Before the trial court Jones implied that Johnson had actual knowledge of the hearing and thus Front Row was entitled to no relief. See Tr. at 72. But "[a]ctual knowledge of the pending lawsuit derived from

8

sources other than service is not relevant to the question whether the manner of service satisfies due process." Washington v. Allison, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) (citation omitted); accord Hardy v. Maldonado, 632 N.E.2d 381, 382 (Ind. Ct. App. 1994) ("Due process requires service of notice in a manner that is reasonably calculated to inform the defendant of the pending lawsuit. Actual knowledge derived from a source other than service of process does not satisfy the due process requirement." (citing Washington, 593 N.E.2d at 1275)).

On the record before us Front Row Motors has made a prima facie showing that Jones' service of process was a mere gesture not calculated to inform it of the default damages hearing. Because Front Row Motors did not receive notice of the hearing, the default judgment entered against it was void for want of jurisdiction. The trial court thus abused its discretion in denying Front Row Motor's motion to set aside the judgment.

## Conclusion

We reverse the judgment of the trial court and remand this cause for further proceedings.

Dickson, C.J., and David, Massa and Rush, JJ., concur.

9