## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 07 2015, 8:52 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Geoff Gustafson
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Geoff Gustafson, | October 7, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Cause No. 02A03-1502-JP-59 |
| v. | Appeal from the Allen Superior Court |
| Ami Leigh Gomez (Winebrenner), | The Honorable Daniel G. Heath, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 02D07-9712-JP-181 |

**Barnes, Judge.**

## Case Summary

Geoff Gustafson appeals the trial court's denial of his motion to modify its order relating to postsecondary educational expenses. We affirm.

## Issue

Gustafson raises two issues, which we consolidate and restate as whether the trial court properly denied his motion for modification.

## Facts

Gustafson and Ami Gomez are the parents of Meghan Winebrenner, who was born in 1995. The couple was not married and, in 1997, entered into a joint stipulation addressing issues of custody, visitation, and support. The parties' agreement called for each parent to pay one-third of Meghan's reasonable and necessary college expenses.

Meghan was prepared to begin college at St. Francis University in Fort Wayne in the fall of 2013. With Gustafson's encouragement, Meghan had intended to participate in a tuition-exchange program, which was available to Meghan because Gustafson's wife was employed at a participating college. However, in May 2013, Gustafson's wife resigned from her job.

In June 2013, Gustafson filed a motion to modify the joint stipulation. On August 30, 2013, the trial court held a hearing on the motion and, on October

10, 2013, issued an order.[1]  The trial court ordered Meghan to pay one-third of her college expenses and Gustafson to pay 53.9% and Gomez 46.1% of the remaining two-thirds.

[6]  On November 8, 2013, Gustafson filed a motion to correct error.  In the motion, Gustafson argued that he could not afford to contribute toward Meghan's college expenses.  Gustafson directed the trial court to his support of his three young sons and the fact that his wife was pregnant with a fourth child.  Gustafson also questioned whether he would be able to obtain a loan to cover his share of Meghan's college expenses.

[7]  On January 9, 2014, after a hearing, the trial court issued an order on the motion to correct error.  In a twelve-page order, the trial court denied Gustafson's motion to correct error in part and clarified it in part, capping Gustafson's and Gomez's total obligations based on the cost of tuition at Ball State University.  The order specified in part:

> B.  While the Court's authority to award post-secondary educational expenses is discretionary, the Court, pursuant to Indiana Code 31-16-6-2, carefully considered the evidence presented by the parties relating to each relevant element as required and determined that Meghan had the aptitude and ability to succeed in the University of Saint Francis Nursing Program and each party (Meghan, Mr. Gustafson, and Ms.

---

[1] This order was not included in Gustafson's appendix, but it was detailed in the chronological case summary.

Gomez) had the reasonable ability to meet their *pro rata* share of these expenses.

C. The Court finds that Mr. Gustafson's arguments presented at the hearing held on December 20, 2013, have not swayed the Court to change its findings and conclusions and the Court re-affirms its Order of the Court entered on October 10, 2013, . . . except as clarified or ordered herein.

\* \* \* \* \*

14. While sympathetic to the high cost of assisting a child with college expenses, the Court does not find Mr. Gustafson's argument credible that the Court erred in assessing his reasonable ability to contribute his *pro rata* portion of Meghan's college education expenses after: 1) considering Mr. Gustafson's current family income and current family expenses, 2) considering Mr. Gustafson's prior commitment to contribute to Meghan's college expenses, and 3) accurately and precisely calculating Mr. Gustafson's *pro rata* share of Meghan's college expenses.

App. pp. 70, 74. Gustafson did not appeal.

On August 27, 2014, Gustafson filed a motion to modify the postsecondary educational expense order.[2] On November 17, 2014, a hearing on this motion was held. On January 22, 2015, the trial court issued an order denying Gustafson's motion to modify. The trial court found in part:

---

[2] This motion is not included in Gustafson's appendix.

7. Father has not demonstrated a change in circumstances so substantial and continuing so as to justify a modification of the prior Court order regarding his contribution toward college expenses.

8. Father's financial position has improved since the prior hearing, when the Court compares Petitioner's Verified Financial Declaration Form admitted as Petitioner's Exhibit 2 to the Financial Declaration forms he submitted at the prior hearing and thereafter in support his Motion to Correct Errors and Request for Reconsideration.

9. Father did not timely appeal the Court Order denying in part and granting in part his Motion to Correct Error and Request For Reconsideration. Rather, he sets forth factors, such as the birth of a child and expenses relating thereto, as evidence he presumes will support a finding of changed circumstances so as to justify a modification of the prior support order regarding post-secondary educational expenses. Most of the evidence he presented, apart from the birth of a child and the expenses relating thereto, was previously heard and ruled upon by the Court. Further, as previously stated, Father's financial position has improved relative to the financial position he himself presented at the prior hearing and upon the Motion to Correct Errors. Father may not use the filing of the instant Motion to Modify Order on Post Secondary Expenses as a means to remedy his failure to timely appeal the Court Order concerning the partial denial of his Motion to Correct Error.

*Id.* at 18. Gustafson now appeals

# Analysis

[9] As an initial matter, Gomez has not filed an appellee's brief. Under such circumstances, we need not undertake the burden of developing an argument

on her behalf. *See Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Instead, we will reverse if Gustafson presents a case of prima facie error, which in this context is defined as at first sight, on first appearance, or on the face of it. *See id.*

[10]     Pursuant to Indiana Code Section 31-16-8-1(b)(1), the modification of child support may be made only "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable[.]"[3] In reviewing a modification order, we consider only evidence and reasonable inferences favorable to the judgment. *Bogner v. Bogner*, 29 N.E.3d 733, 738 (Ind. 2015). "The order will only be set aside if clearly erroneous." *Id.* "[A]ppellate courts give considerable deference to the findings of the trial court in family law matters, including findings of 'changed circumstances' within the meaning of Indiana Code section 31-16-8-1." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005).

[11]     On appeal, Gustafson argues that, since the order on his motion to correct error was issued, his income has decreased and his wife has had another child. The trial court was not persuaded by these arguments, nor are we.

[12]     Regarding his income, Gustafson argues that his income has been reduced by $82.02 per week since the 2013 modification. However, in its motion to correct

---

[3] Indiana Code Section 31-16-8-1(b)(2) is not applicable here because the order requested to be modified was not issued at least twelve months before the current motion to modify.

error order, the trial court explained that it had utilized $999.78 as Gustafson's weekly gross income to calculate child support and to determine Gustafson's *pro rata* share of college expenses, not the $1,096.00 weekly gross income relied on by Gustafson on appeal. Moreover, it is clear from the trial court's motion to correct error order that it was difficult to obtain a complete picture of Gustafson's financial circumstances. For example, in addition to overtime pay and an annual bonus, Gustafson might have had income from a rental property. Also, the trial court also considered Gustafson's wife's income as an attorney and her ability to contribute toward household expenses as part of Gustafson's overall financial circumstances. In support of his motion to modify, Gustafson offers no explanation for the purported decrease in his income, and he has not established that his income was reduced in such a substantial and continuing manner so as to make the postsecondary educational expense order unreasonable.

[13] Regarding the birth of Gustafson and his wife's fourth child, at the time of the motion to correct error, the trial court was aware of the child's impending birth. In fact, the child was born before the trial court issued its order on Gustafson's motion to correct error. We are not convinced that the birth of that child or the expenses associated with it amounted to a continuing and substantial change in circumstances given the procedural history and posture of this case. In the absence of a substantial change of circumstances, Gustafson has not made a prima facie showing that denial of his motion to modify was clearly erroneous.

Gustafson devotes much of his brief to showing that the postsecondary expense order was unreasonable and raises many of the same issues that were raised in the motion to correct error. However, by not timely appealing that order, Gustafson has forfeited the right to challenge it now. *See* Ind. Appellate Rule 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2."). This issue is not available for appellate review.[4]

## Conclusion

Gustafson has not made a prima facie showing of clear error in the denial of his motion to modify the postsecondary expense order. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.

---

[4] Gustafson also asks us to order that he be reimbursed for the costs of service of the notice of appeal and appellant's brief. However, he cites no authority establishing that he is entitled to such or that we may order such at this stage in the proceedings. This issue is waived. *See* Ind. App. R. 46(A)(8) (requiring each contention to be supported by citations to authority).