## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Gregory W. Black
The Black Law Office
Plainfield, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Supervised Administration of the Estate of Gary Lee Shue, Deceased, Kaylie Marie Schriber, Personal Representative,

*Appellant-Petitioner,*

v.

Heather Shue, James Weddle, and Larry Shue,

*Appellees-Respondents,*

November 12, 2015

Court of Appeals Case No. 32A01-1502-ES-63

Appeal from the Hendricks Superior Court

The Honorable Stephenie LeMay-Luken, Judge

The Honorable Robert W. Freese, Special Judge

Trial Court Cause No. 32D05-1311-ES-286

**Crone, Judge.**

# Case Summary

The Estate of Gary Lee Shue ("Shue") by its personal representative Kaylie Marie Schriber (collectively "the Estate") appeals a trial court order declaring that during his lifetime, Shue had effectively transferred ownership of certain assets to his son Larry Shue ("Son") and his first wife's brother James Weddle ("Brother-in-law"). Finding that the appealed order is not a final judgment, we dismiss for lack of subject matter jurisdiction.

# Facts and Procedural History

Shue's first wife preceded him in death, and he married Heather ("Wife") shortly before his death. About a year before his death, Shue had agreed to sell Brother-in-law his 2006 Pontiac GTO. Brother-in-law took possession of the vehicle and made regular cash payments to Shue as agreed. When Shue died on October 7, 2013, Brother-in-law paid the loan balance to the bank by cashier's check. As Shue had instructed, Wife signed Shue's name on the title and gave it to Brother-in-law. She back-dated it to October 1, 2013.

On October 1, 2013, Shue gave his 2007 Harley Davidson FXB Motorcycle to Son. Because his hand had become palsied, Shue instructed Wife to sign his name on the certificate of title. The title was dated October 1, 2013. Shue delivered the title to Son that day.

After Shue's death, the Estate moved to recover certain items, including the GTO and Harley Davidson, and a hearing was held. On September 17, 2014,

the trial court ruled that Son rightfully owned the Harley Davidson as a lifetime gift from Shue and that Brother-in-law rightfully owned the GTO by purchase.[1]

[5] Wife filed a motion to enter final judgment on the matters litigated at the hearing and included in the September 2014 order. The Estate filed a motion in opposition, a request for change of judge, and a request for reconsideration of the September 2014 ruling. The new trial judge treated the Estate's motion as a motion to correct error, which it denied.[2] The Estate now appeals.

## Discussion and Decision

[6] The Estate concedes that the September 2014 order is not a final, appealable order and that subject matter jurisdiction over this appeal is lacking. Curiously, the Estate also asks that we reverse the trial court's determination that Brother-in-law and Son are the rightful owners of the GTO and Harley Davidson respectively and declare that these matters of ownership are under the exclusive jurisdiction of the trial court in MI-270. We agree that this Court lacks subject

---

[1] After the July hearing and before the trial court issued its September order, the Estate filed an independent action for replevin ("MI-270") in the same county, naming Wife, Son, Brother-in-law, and others, claiming that Wife committed forgery and that she and other defendants did not have rightful title in various assets. The court in MI-270 granted partial summary judgment to defendants concerning the vehicle titles under principles of res judicata. The MI-270 court denied the Estate's motion for certification of partial summary judgment question for interlocutory appeal and stayed the proceedings on the remaining issues pending this appeal.

[2] The chronological case summary contains no entry indicating that either of the trial judges ever ruled on Wife's motion to enter final judgment.

matter jurisdiction over this appeal due to the nonfinality of the September 2014 order. As such, we cannot and will not render an opinion on the merits.

[7] This Court's authority to exercise appellate jurisdiction is generally limited to appeals from final judgments. *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012). Indiana Appellate Rule 2(H) states, in pertinent part,

> A judgment is a final judgment if … it disposes of all claims as to all parties … [or] … the trial court in writing expressly determines under Trial Rule 54(B) … that there is no just reason for delay and in writing expressly directs the entry of judgment … under Trial Rule 54(B) as to fewer than all the claims or parties.

[8] Indiana Trial Rule 54(B) states in pertinent part,

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

"The purpose of Trial Rule 54(B) is to avoid piecemeal litigation and appeal of various issues in a case and to preserve judicial economy by protecting against the appeal of orders that are not yet final." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citation omitted). An order as to fewer than all the parties and/or issues can become final only by meeting the requirements of Trial Rule 54(B). *Id*.

[9] Our supreme court has adopted a bright-line rule requiring strict compliance with Trial Rule 54(B) before deeming as final and appealable an order that disposes of fewer than all the issues or concerns fewer than all the parties. *Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998). "Thus, unless the trial court uses the 'magic language' set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature." *In re Estate of Botkins*, 970 N.E.2d 164, 167 (Ind. Ct. App. 2012).

[10] Here, the trial court's September 2014 order disposes of fewer than all the claims as to fewer than all the parties. It addresses only a handful of Shue's assets and includes fewer than all of his heirs. It does not specify "that there is no just reason for delay," as required by Trial Rule 54(B). Simply put, the magic language is missing. As such, the September 2014 order is not a final, appealable order.[3] Accordingly, the appeal is dismissed.

[11] Dismissed.

Baker, J., and Bailey, J., concur.

---

[3] We note that the Estate did not seek interlocutory review of the September 2014 order pursuant to Appellate Rule 14. We also note that when the Estate sought reconsideration of the order, the trial court treated the motion to reconsider as a motion to correct error under Trial Rule 59. Where a party files a motion for relief from judgment under Trial Rule 60(B), a mechanism exists for deeming the trial court's grant or denial as a final judgment. *See* Ind. Trial Rule 60(C) ("A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment."). Trial Rule 59 contains no such provision. Thus, in this case, the trial court's ruling in denying the motion to correct error did not create a final judgment.