## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2016, 6:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANT, PRO SE

Brandon Foster
Putnamville Correctional Facility
Greencastle, Indiana

---

IN THE
# COURT OF APPEALS OF INDIANA

---

Brandon Foster,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 28, 2016

Court of Appeals Case No.
49A02-1507-CR-903

Appeal from the Marion Superior Court

The Honorable Peggy Hart, Master Commissioner

Trial Court Cause No.
49G20-1309-FB-57783

**Pyle, Judge.**

## Statement of the Case

This pro se appeal stems from a criminal case but does not involve a challenge to the defendant's conviction or sentence. Instead, it involves proceedings surrounding a defendant's attempt to obtain his case file from his trial attorney.

Brandon Foster ("Foster")—who pled guilty and was convicted of Class B felony unlawful possession of a firearm by a serious violent felon—filed, pursuant to INDIANA CODE § 33-43-1-9, two motions to compel his attorney to provide him with his case file for preparation of post-conviction proceedings. After a delay, the trial attorney provided a copy of the case file that was stored at the county public defender's office. Foster then filed a motion for contempt and sanctions against the attorney, arguing that the attorney had not complied with the trial court's orders. After holding a hearing, the trial court denied Foster's contempt motion.

Foster now appeals the trial court's denial of his contempt motion, arguing generally that the trial court's ruling was erroneous.[1] Finding no error, we affirm the trial court's denial of Foster's motion to hold his former trial attorney in contempt.

---

[1] Foster also alleges that his trial attorney's actions violated the Indiana Rules of Professional Conduct, and he argues that "at minimum, his [attorney's] actions warrant no less than [a] public reprimand." (Foster's Br. 5). Because our Indiana Supreme Court has exclusive jurisdiction over attorney disciplinary issues, we decline to address this issue. *See* Ind. Appellate Rule 4(B)(1)(b); *In re Keller*, 792 N.E.2d 865, 867 (Ind. 2003) (citing IND. CONST. Art. VII, § 4).

We affirm.

## Issue

Whether the trial court abused its discretion by denying Foster's motion to hold his former attorney in contempt.

## Facts

In March 2014, Foster pled guilty to Class B felony unlawful possession of a firearm by a serious violent felon, and the trial court imposed a ten (10) year executed sentence.

Shortly thereafter, in June 2014, Foster, pro se, filed, pursuant to INDIANA CODE § 33-43-1-9, a motion to compel, requesting the trial court to order his trial attorney to provide him with his case file so he could prepare for post-conviction proceedings. On June 5, 2014, the trial court issued an order, directing the attorney to, within thirty days, either deliver a copy of the file to Foster or to file an objection with the court.

On July 22, 2014, Foster filed a second motion to compel. In his motion, Foster alleged that his trial counsel had failed to provide him with, among other things, a copy of the transcript from an August 2013 jail call. On August 14, 2014, the trial court issued an order, directing the attorney to, within thirty days, deliver any documents, including the jail call transcript, to Foster or to file an objection.

On April 20, 2015, Foster filed a "Motion to Hold Attorney in Contempt and Sanction Attorney for Not Complying with Order to Compel." (App. 17). In

his contempt motion, Foster alleged that the "requested file items ha[d] not been viewed or made available to [him] even after numerous requests and materials are needed to pursue post-conviction relief[.]" (App. 18).[2]

[9] On May 29, 2015, the trial court held a hearing on Foster's contempt motion. During the hearing, Foster acknowledged that he had received his case file from his trial attorney, but he stated that he had not received a copy of the jail call transcript. Foster's trial attorney testified that he had first become aware of Foster's request for his case file only in January 2015 after being contacted by the Disciplinary Commission, and that he immediately had the paralegal from the Marion County Public Defender Agency send the file to Foster. The attorney also testified that he had the paralegal send the file a second time when he received the trial court's notice of the contempt hearing. Both Foster's trial attorney and the paralegal that mailed the case file testified that the case file did not contain a transcript of the jail call and that Foster was sent a copy of everything contained in the file. The trial court explained to Foster that the State does not always tender a copy of its evidence to a defense attorney and

---

[2] In his motion, Foster also stated that he had filed a disciplinary grievance against his trial attorney with the Indiana Supreme Court Disciplinary Commission ("Disciplinary Commission") in December 2014, and he attached to his motion a copy of a December 2014 letter from the Disciplinary Commission that acknowledged receipt of his grievance. In Foster's Appellant's Appendix, he has also inappropriately included an original letter sent to him in January 2015 from the Disciplinary Commission, explaining that it was dismissing Foster's complaint against his trial attorney. It is clear that this letter was not part of the record below; thus, we will not consider it in this appeal. *In re D.L.M.*, 725 N.E.2d 981, 983 n. 4 (Ind. Ct. App. 2000) (noting "the well-established rule of appellate procedure that our court may not consider evidence outside the record" and declining to consider a report that was included in the appendix but was not part of the record).

may just make the evidence available so that the defense attorney can review it at the Prosecutor's Office. At the end of the hearing, the trial court denied Foster's contempt motion and request for sanctions.[3] Foster now appeals.

## Decision

[10] Before we address Foster's argument, we note that no appellee's brief has been filed in this appeal.[4] When an appellee fails to submit an appellate brief, "'we need not undertake the burden of developing an argument on the [A]ppellee's behalf.'" *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006)). Rather, "'we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.'" *Id.* (quoting *Trinity Homes*, 848 N.E.2d at 1068). "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Id.* (internal quotation marks and citation omitted).

[11] Foster argues that the trial court erred by denying his motion to hold his former trial attorney in contempt. He contends that the trial court should have held the attorney in contempt because he did not comply with the trial court's orders in

---

[3] The trial court orally pronounced its ruling during the hearing and did not issue a written order.

[4] The State filed a "Notice of Non-Involvement of the State of Indiana and the Indiana Attorney General," noting that it was not a party to this appeal because the appeal involved a dispute between Foster and his former attorney and the trial court's order being appealed did "not impinge upon the validity of Foster's conviction or sentence." (State's Notice at 2).

a timely manner and because he did not send Foster a copy of the jail call transcript.

[12] Here, Foster sought to have his attorney held in contempt for failing to comply with a court order; thus, it was a motion for indirect contempt. A party that willfully disobeys a lawfully entered court order of which he has notice commits indirect contempt. *See Witt v. Jay Petroleum, Inc.*, 964 N.E.2d 198, 202 (Ind. 2012); I.C. § 34-47-3-1. The determination of whether a party is in contempt of court is a matter within the sound discretion of the trial court, and we will reverse the trial court's determination only for an abuse of that discretion. *Witt*, 964 N.E.2d at 202. When reviewing a trial court's ruling on a motion for contempt, we will neither reweigh the evidence nor judge the credibility of witnesses. *See In re Paternity of Pickett*, 44 N.E.3d 756, 771 (Ind. Ct. App. 2015).

[13] During the contempt hearing, Foster's trial attorney testified that he had first become aware of Foster's request for his case file only in January 2015, and that he immediately had the paralegal from the Marion County Public Defender Agency send the file to Foster. The attorney also testified that he did not have an "independent recollection of the original court order" to provide Foster with his case file and that if he had seen the order, he would have complied with it. (Tr. 4). Both Foster's trial attorney and the paralegal that mailed the case file testified that the case file did not contain a transcript of the jail call and that Foster was sent a copy of everything contained in the file. Foster's argument challenging the trial court's ruling on his contempt motion is nothing more than a request to reassess witness credibility, which we will not do. Based on the

evidence before the trial court, we conclude that the trial court did not abuse its discretion by denying Foster's contempt motion.

[14] Affirmed.

Kirsch, J., and Riley, J., concur.