

APPELLANT PRO SE

Darlene Sekerez
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darlene Sekerez, *Appellant-Defendant,* | May 30, 2017 |
| | Court of Appeals Case No. 45A04-1610-MI-2395 |
| v. | Appeal from the Lake Superior Court |
| Grund & Leavitt PC, *Appellee-Plaintiff.* | The Honorable Calvin D. Hawkins, Judge |
| | Trial Court Cause No. 45D02-1604-MI-6 |

**Najam, Judge.**

## Statement of the Case

[1]     Darlene Sekerez appeals the Lake Superior Court's order to domesticate the judgment of an Illinois trial court. Sekerez, needing to establish only *prima facie* error, raises seven issues for our review, but we discuss only the following dispositive issue: whether the motion to domesticate the Illinois trial court's judgment was, in its operation and effect, contrary to proceedings already

pending in the Lake Circuit Court and, as such, outside the jurisdiction of the Lake Superior Court. We reverse and remand with instructions.

## Facts and Procedural History

[2] Sekerez is an Indiana resident. In November 2007, Sekerez retained Grund & Leavitt, P.C ("the law firm"), a Chicago law firm, to represent her in an Indiana custody dispute with her former spouse. Sekerez's contract with the law firm contained an alternative dispute resolution clause with respect to fee disputes that might arise between the law firm and Sekerez.

[3] On October 20, 2008, the law firm negotiated a settlement agreement on Sekerez's behalf, which resulted in an Agreed Order under which custody remained with Sekerez, visitation terms were not changed, and Sekerez was responsible for paying her own attorney's fees. The law firm charged Sekerez a total of $112,439.90 for legal services. Sekerez paid $50,000 but disputed the remaining $62,439.90.

[4] On July 31, 2009, the law firm filed a "Verified Complaint for Breach of Contract and Quantum Meruit," seeking the remainder of the attorney's fees, in an Illinois trial court. Appellant's App. Vol. II at 25-30. In response, Sekerez filed a "Special Appearance and Objection to Jurisdiction" in which she appeared for the limited purpose of challenging the Illinois court's subject matter jurisdiction over the complaint and personal jurisdiction over her. *Id.* at 31-32. On March 16, 2010, the Illinois trial court entered an order in which it found that the parties' engagement agreement required them to resolve their fee

dispute through arbitration. *Id.* at 38-39. The court ordered the parties to arbitration and stayed all proceedings pending the outcome of arbitration. *Id.* at 39.

The parties proceeded to arbitration in Hammond, Indiana. Each party filed claims of breach of contract. Sekerez filed additional claims for fraud and legal malpractice. Following a hearing, on November 9 the Arbitrator issued the final award in which he ordered Sekerez to pay the law firm an additional $49,336.15 in attorney's fees and $1,012.50 as her portion of the administrative fees and Arbitrator fees. The final award also stated: "This Award is in full settlement of all claims submitted in this Arbitration, namely the Claimant's claim for breach of contract and the Respondent's counterclaim for breach of contract." *Id.* at 36-37. However, the arbitration award noted that Sekerez's fraud and legal malpractice claims were "outside the scope of the parties' arbitration agreement" and, therefore, not within the scope of the arbitration award. *Id.* at 37.

Thereafter, the law firm returned to the Illinois trial court and filed a motion to confirm the arbitration award in which the law firm sought a final judgment from that court on the final award. Sekerez objected and again contested the court's jurisdiction. On November 30, the Illinois trial court held a hearing at which Sekerez failed to appear, and the court granted the law firm's motion to confirm the final award. The court entered judgment against Sekerez for $50,348.65 and dismissed the case without prejudice. *Id.* at 47.

[7]     On February 13, 2012, Sekerez, *pro se*, filed a motion to vacate the final award in the Lake Circuit Court pursuant to the Indiana Uniform Arbitration Act. *See* Ind. Code § 34-57-2-13 (2016). Thereafter, with the Lake Circuit Court's permission, Sekerez filed an amended pleading in which she added breach of contract, fraud in the inducement, constructive fraud, breach of fiduciary duty, and attorney malpractice claims. The law firm moved to dismiss Sekerez's action on the ground that the Illinois trial court's judgment precluded Sekerez's claims in the Lake Circuit Court, but the court denied the law firm's motion to dismiss and similar motions made by the law firm thereafter.

[8]     Following the denial of its motions to dismiss in the Lake Circuit Court, in April of 2016 the law firm filed in the Lake Superior Court, under a new cause of action, a motion to domesticate the Illinois trial court's judgment and set matters for proceedings supplemental on that judgment. *Id.* at 6. On May 6, Sekerez requested that the Lake Superior Court deny the law firm's request or, in the alternative, stay the request pending the outcome of proceedings in the Lake Circuit Court. Sekerez noted that the proceedings in the Lake Circuit Court contested the arbitration award, which was the basis for the judgment of the Illinois court. *Id.* at 10.

[9]     On October 3, 2016, the Lake Superior Court denied Sekerez's request to deny or stay the law firm's motion and granted the law firm's request. *Id.* at 5. The court then entered the Illinois judgment as a final judgment. *Id.* This appeal from the Lake Superior Court's judgment ensued.

# Discussion and Decision

[10] Sekerez appeals the Lake Superior Court's order adopting the Illinois trial court's judgment as a final and enforceable judgment of an Indiana court. We initially note that the law firm has not filed a brief in support of the trial court's judgment. As such, we will not undertake the burden of developing an argument on the appellee's behalf. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Instead, we will reverse the trial court's judgment if the appellant presents a case of *prima facie* error. *Id.* *Prima facie* error is error "at first sight, on first appearance, or on the face of it." *Id.* (quotation marks omitted).

[11] Sekerez has demonstrated *prima facie* error. On the face of the record on appeal, the question of the validity of the arbitration order is currently before the Lake Circuit Court. That arbitration order is the exclusive basis for the Illinois trial court's judgment, a judgment from a court that Sekerez has asserted is without subject matter jurisdiction or personal jurisdiction in this matter. And the law firm has challenged the Lake Circuit Court's authority to review the arbitration award under the doctrine of *res judicata*, which the Lake Circuit Court has denied.[1]

---

[1] If the Illinois trial court lacked subject matter jurisdiction over the arbitration award or personal jurisdiction over Sekerez, then it lacked the authority to enter judgment on the arbitration award against her.

[12] The law firm's ensuing attempt to have the Lake Superior Court domesticate the Illinois trial court's judgment on the arbitration award appears, on the face of it, to simply have been an attempt to circumvent the proceedings in the Lake Circuit Court. That was inappropriate, and the Lake Superior Court should have denied the request. As the Indiana Supreme Court has long made clear:

> It is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time. Once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of equal competence until the case is determined. The court first acquiring jurisdiction holds the *res* in *custodia legis* so long as it is empowered to administer complete justice. . . .

*State ex rel. Am. Fletcher Nat'l Bank & Trust Co. v. Daugherty*, 258 Ind. 632, 635, 283 N.E.2d 526, 528 (1972) (citations omitted). The Indiana Trial Rules likewise prohibit an Indiana court from hearing "[t]he same action pending in another state court of this state." Ind. Trial Rule 12(B)(8); *see also Crawfordsville Apt. Co. v. Key Trust Co.*, 692 N.E.2d 478, 479 (Ind. Ct. App. 1998) ("As a general principle when an action is pending before an Indiana court, other Indiana courts must defer to that court's authority over the case."). Accordingly, we must conclude, in light of our *prima facie* standard of review, that the Lake Superior Court's order to domesticate the Illinois trial court's judgment was *ultra vires*. Thus, we reverse the trial court's judgment and remand with instructions for the court to vacate its order.

[13] Reversed and remanded with instructions.

Riley, J., and Bradford, J., concur.