## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2018, 6:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS, PRO SE

Lawrence Custard
Vanessa Custard
Fort Wayne, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lawrence Custard and Vanessa Custard, <br><br> *Appellants-Petitioners,* <br><br> v. <br><br> Annette Brooks Russell and Jackie Brooks, <br><br> *Appellees-Respondents.* | February 14, 2018 <br><br> Court of Appeals Case No. 02A04-1704-GU-1053 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Phillip E. Houk, Magistrate <br><br> Trial Court Cause Nos. 02D01-0808-GU-159 02D01-1608-GU-193 |

**Pyle, Judge.**

## Statement of the Case

[1]     Lawrence Custard ("Lawrence") and Vanessa Custard ("Vanessa")

(collectively, "the Custards") attempt to appeal, pro se, the trial court's orders

denying their motions to set aside, which they had filed in two separate guardianship causes. Because the Custards failed to timely file their notice of appeal[1] and because we find no extraordinary compelling reasons to restore their forfeited right to this appeal, we dismiss the appeal.

We dismiss.

## Issue

Whether this appeal should be dismissed because the Custards failed to timely file a notice of appeal.

## Facts

We have limited facts before us because the Custards have included limited information in their Appellant's Appendix.[2] Nevertheless, from the record presented on appeal, it appears that the Custards are attempting to appeal from two guardianship cases: (1) a guardianship over Brunette Custard ("Brunette") established in 2008 under cause number 02D01-0808-GU-159 ("Brunette's guardianship case"); and (2) a guardianship over Rhonda Custard ("Rhonda") established in 2016 under cause number 02D01-1608-GU-193 ("Rhonda's guardianship case"). Brunette is Lawrence's mother, and Rhonda is

---

[1] The Custards filed one notice of appeal containing the cause numbers from both guardianship cases.

[2] Contrary to Indiana Appellate Rule 50(A)(2)(a), the Custards did not include all relevant pleadings in their Appellants' Appendix, and they did not include a copy of the chronological case summary ("CCS") from either guardianship case.

Lawrence's sister. The current guardian over Brunette is Annette Brooks Russell ("Russell"), who is Brunette's sister.

[4] Apparently, in August 2016, Jackie Brooks ("Brooks"), who is Rhonda's cousin, filed a petition to establish a guardianship over Rhonda's person and estate.[3] On September 26, 2016, the trial court held a hearing on Brooks' petition. The court-appointed guardian ad litem ("GAL") testified that Rhonda needed a guardian and that Brooks was "a good person to serve as that guardian." (Sept. 26, 2016 Hrg. Tr. 13). Lawrence attended the hearing pro se. Lawrence had not filed a petition to be appointed as Rhonda's guardian; nevertheless, the trial court gave him the opportunity to speak.[4] Lawrence acknowledged that Rhonda needed a guardian. He contended that Brooks did not "[t]echnically" qualify to serve as guardian but offered no reasons why. (Sept. 26, 2016 Hrg. Tr. 13). Lawrence indicated that he wanted to intervene and petition to be Rhonda's guardian. The trial court stated that it would allow him to file an official petition, but, in the meantime, it would proceed with establishing Rhonda's guardianship, which all parties agreed was necessary. Lawrence stated he also would be filing a petition to have the guardian removed from Brunette's guardianship case and that he wanted to have both

---

[3] The Custards did not include a copy of Brooks' petition in their Appendix.

[4] The transcript indicates that Lawrence had filed an objection to Brooks' guardianship petition, but the Custards have not included that pleading in their Appendix.

guardianship petitions reviewed at the same time.[5] The trial court indicated that it would grant Brooks' petition and appoint her as temporary guardian in Rhonda's guardianship case. The trial court specified that the temporary guardianship would convert to a permanent guardianship after ninety days if Lawrence did not file a petition. Thereafter, the trial court issued an order granting Brooks' petition and appointing her as guardian in Rhonda's guardianship case.[6]

[5] On December 2, 2016, the Custards filed, pro se, a "Verified Petition for Successor Guardianship(s) /Suit for Warsaw Property." (App. Vol. 2 at 19).[7] They filed this motion in reference to Rhonda's guardianship case and Brunette's guardianship case.[8] The Custards asserted that both Rhonda and Brunette were "in need of Guardians because of their incapacity" and that it was "in the best interest of Rhonda and Brunette Custard that a Successor Guardian be appointed over the Person and Estate." (App. Vol. 2 at 20). The Custards requested the trial court to "terminate" the current court-appointed guardians and to appoint the Custards as successor guardians over the two

---

[5] When requesting that both guardianship petitions be heard at the same time, he referenced Indiana Trial Rule 81.1.

[6] The Custards did not include a copy of the trial court's order in their Appendix.

[7] Apparently, the Custards also filed a "Motion to Set Aside Order" and a "Verified Petition for Removal of Guardians." (February 8, 2017 Hrg. Tr. 5). They, however, have not included those pleadings in their Appendix.

[8] The Custards filed the petition under the cause number for Rhonda's guardianship case but captioned the case to be for both guardianship cases. Within the petition, the Custards stated, without further explanation, the following: "Judicial Notice to prior Case Brunette #02D01-0808-GU-000159[.]" (App. Vol. 2 at 20).

guardianship cases. (App. Vol. 2 at 22). Additionally, within their petition, the Custards asserted that they were bringing a "suit for recovery of damages to property[.]" (App. Vol. 2 at 26). The Custards alleged that Russell and Brooks had allowed Brunette's "Warsaw property" to be "trashed[,]" and they sought "money damages in the amount of $180,000" from Russell and Brooks. (App. Vol. 2 at 29).

[6] On February 8, 2017, the trial court held a hearing on the Custards' petition. Lawrence represented the Custards pro se. At the beginning of the hearing, the trial court noted that Lawrence had cited multiple trial rules, including Trial Rule 59, 60, and 81, in his petition. The trial court asked Lawrence to explain the legal theory under which he was proceeding and inquired into what evidence he had to show that the current guardians had not properly performed their fiduciary responsibilities that would warrant their removal. Lawrence stated that he was not alleging that the guardians had not performed their responsibilities. Instead, he stated that his argument was that both guardians should be removed because Brunette had intended that Lawrence serve as guardian over her and Rhonda. The trial court explained to Lawrence that if he wanted to have the current guardians removed, then he needed to present evidence that they had improperly performed their role as guardians. The trial court stated that it had appointed the guardians and that it was "going to let them continue to do that job because there is no reason for them not to do their job." (February 8, 2017 Hrg. Tr. 26). In reference to the Custards' claim for property damage, the trial court explained to Lawrence that his property

damage claim was a civil action separate from the guardianship proceeding and that he could not file his civil action for damages "by just mentioning it in a pleading that [he] fil[ed] inside a guardianship." (February 8, 2017 Hrg. Tr. 19).

[7]     Thereafter, on February 21, 2017, the trial court entered an order in Rhonda's guardianship case ("February 2017 Order").[9] This order provided as follows:

> The Court, having had under advisement the pending Petition for Successor Guardianship(s) /Suit for Warsaw Property, now rules as follows:
>
> 1.  The portion of the Petitioner's filing, which references a claim against Annette Brooks-Russell and Jackie Brooks, is improperly filed under this cause and is dismissed without prejudice.
>
> 2.  The Court fails to find grounds for the removal of Annette Brooks as Guardian and therefore denies the Petition for Successor Guardianship.

(App. Vol. 2 at 2).

[8]     On March 23, 2017, Lawrence filed a "Motion to Set Aside Order" in both Rhonda's guardianship case and Brunette's guardianship case. (App. Vol. 2 at

---

[9] The record on appeal does not indicate whether the trial court also entered this order in Brunette's guardianship case.

8, 13).[10]  In these two motions, Lawrence argued that the trial court should set aside its February 2017 Order; remove Brooks as Rhonda's guardian and remove Russell as Brunette's guardian; "[t]erminate[]" both guardianships; and appoint Lawrence as guardian over Rhonda and appoint Lawrence and Vanessa as guardians over Burnette.  (App. Vol. 2 at 10, 15).  Additionally, he requested that "money damages be awarded for property damage."  (App. Vol. 2 at 16).

[9]  The following day, March 24, 2017, the trial court entered an order in both Rhonda's guardianship case and Brunette's guardianship case and denied Lawrence's motions.  The Custards filed their notice of appeal, covering both guardianship causes, on April 27, 2017.

## Decision

[10]  Initially, we note that neither Russell nor Brooks filed an Appellee's Brief. When an Appellee fails to submit an appellate brief, "'we need not undertake the burden of developing an argument on the [A]ppellee's behalf.'"  *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006)).  Rather, "'we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.'"  *Id.* (quoting *Trinity Homes*, 848 N.E.2d at 1068).  "Prima facie error in this context

---

[10] In these motions, the Custards referenced, among other rules, Trial Rule 59(B), which relates to a motion to correct error.  For purposes of this appeal, we will treat the Custards' pleadings as such.

is defined as, at first sight, on first appearance, or on the face of it." *Id.* (internal quotation marks and citation omitted).

[11] Turning to this appeal, we recognize that our Indiana Appellate Rules provide that a party who wishes to appeal must "initiate[] an appeal by conventionally filing a Notice of Appeal with the Clerk (as defined in Rule 2(D))[11] within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). Additionally, Appellate Rule 9(A)(5) provides that "unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited[.]"

[12] Here, the Custards are attempting to appeal from two trial court orders—one in Brunette's guardianship case and one in Rhonda's guardianship case. The trial court entered these orders on March 24, 2017. Therefore, the Custards' notice of appeal was due on or before April 24, 2017.[12] The Custards, however, filed their notice of appeal on April 27, 2017. Thus, their notice of appeal was three days late. Pursuant to Appellate Rule 9(A)(5), the Custards' failure to timely file their notice of appeal with our Court results in their "right to appeal . . . be[ing] forfeited[.]"

---

[11] Appellate Rule 2(D) defines "Clerk" as "the Clerk of the Indiana Supreme Court, Court of Appeals[,] and Tax Court."

[12] Thirty days from March 24, 2017 was Sunday April 23, 2017; however, because that day was a non-business day, the due date for the notice of appeal was Monday April 24, 2017. *See* Ind. Appellate Rule 25.

[13] Our supreme court, however, has explained that an appellate court may restore a right of appeal that has been forfeited if there are "extraordinarily compelling reasons to do so." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). In *O.R.*, our supreme court concluded that, in an appeal of a father seeking to challenge the adoption of his child, there were extraordinarily compelling reasons that existed to restore the father's forfeited right to appeal. *Id.* at 972. In so finding, the *O.R.* Court cited to: (1) Appellate Rule 1, which provides that our Court may permit deviation from the Appellate Rules; (2) the father's timely attempt to initiate an appeal before the deadline for filing his notice of appeal; and (3) the significance of the parent-child relationship as a fundamental liberty interest and one of the most valued relationships of our culture. *Id.*

[14] We do not find any extraordinary compelling reasons to restore the Custards' forfeited right to this appeal, and we dismiss the appeal. *See, e.g.*, *Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014) (explaining that "while we *may* waive the apparent Appellate Rule 9(A)'s forfeiture requirement, we need not do so").

[15] Dismissed.

Kirsch, J., and Bailey, J., concur.