# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**JOHN A. KRAFT**
**JENNIFER KRAFT KUCHLE**
Young, Lind, Endres & Kraft
New Albany, Indiana

ATTORNEY FOR APPELLEE:

**JONI L. GRAYSON**
Jeffersonville, Indiana

**FILED**

May 25 2012, 9:22 am

**CLERK**
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ESTATE OF RUBY SHULER BLANKENBAKER BOTKINS, DECEASED | ) | |
| | ) | |
| MARK ALLEN SHULER and DAVID LEE SHULER, co-personal representatives, | ) ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 22A05-1109-ES-481 |
| | ) | |
| ESTATE OF GEORGE BOTKINS, by LARRY BOTKINS, personal representative, | ) ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE FLOYD CIRCUIT COURT
The Honorable Robert Bennett, Special Judge
Cause No. 22C01-0903-ES-29

**May 25, 2012**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Mark and David Shuler (collectively, "the Shulers"), the co-personal representatives of the estate of Ruby Shuler Blankenbaker Botkins ("Ruby"), appeal from the trial court's denial of their motion to set aside a Family Settlement Agreement ("the Settlement Agreement") relating to the administration of Ruby's estate. Concluding that the order from which the Shulers appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal *sua sponte*.

**Facts and Procedural History**

This appeal involves a dispute over Ruby's estate. Ruby died in 2008, and the estate was opened in 2009, when Ruby's nephews, the Shulers, filed a petition to probate a copy of Ruby's lost will dated May 27, 1992 ("the 1992 will"). George Botkins ("George"), Ruby's surviving husband, objected. In September 2009, George and the Shulers entered into the Settlement Agreement, whereby the Shulers would act as co-personal representatives and administer the estate in a manner largely in keeping with the directives of the 1992 will. The trial court entered an order approving the Settlement Agreement on October 23, 2009, and thereafter granted the Shulers authority to proceed with disposition of the estate.[1]

Several months later, but while the estate remained open, the Shulers discovered another will executed by Ruby in January of 1987 ("the 1987 will"). The Shulers filed a petition to set aside the Settlement Agreement and admit the 1987 will to probate, and George again objected. After two hearings, the trial court entered an order denying the

---

[1] George died in January 2010, and his estate has been substituted as a party. For purposes of clarity, we will continue to refer to George's estate as "George."

2

Shulers' petition on April 12, 2011. At the Shulers' request, the trial court certified its April 12 order for interlocutory appeal, but this court denied the Shulers' motion to accept jurisdiction on July 26, 2011. Then, on August 22, 2011, the Shulers filed a motion asking the trial court to modify the April 12 order so as to make it a final, appealable order. On September 2, 2011, the trial court entered an order purporting to make the April 12 order final and appealable. This appeal ensued.

## Discussion and Decision

This court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). A "final judgment" is one which "disposes of all claims as to all parties[.]" App. R. 2(H)(1). See also Bueter v. Brinkman, 776 N.E.2d 910, 912-13 (Ind. Ct. App. 2002) (a final judgment is one that "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case" and "reserves no further question or direction for future determination." (internal quotations and citations omitted)). Whether an order is a final judgment governs this court's subject matter jurisdiction. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003). The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*. Id.

Here, the trial court's September 2, 2011 order from which the Shulers appeal is not a final judgment within the meaning of Appellate Rule 2(H)(1). Because the estate remained open after its entry, the September 2, 2011 order did not put an end to the case.[2]

---

[2] In re Guardianship of Phillips, 926 N.E.2d 1103 (Ind. Ct. App. 2010) is distinguishable from the facts and circumstances before us. In Phillips, this court concluded that a trial court's order denying a guardian's petition to

3

Indeed, this court has acknowledged that orders issued by a probate court are not final until the estate is closed. See Dawson v. Estate of Ott, 796 N.E.2d 1190, 1194 n.2 (Ind. Ct. App. 2003) (holding that a probate court order reducing the amount of the ex-wife's lien against real estate owned by the decedent in light of life insurance proceeds received by the ex-wife was not a final judgment because the estate remained open thereafter).[3] And by pursuing an interlocutory appeal of the trial court's April 12, 2011 order denying their petition to set aside the Settlement Agreement, the Shulers implicitly acknowledged that the order was not a final judgment. The only change the September 2, 2011 order made to the April 12, 2011 order was to add a statement that the order was final and appealable. But simply labeling an order final and appealable does not make it so.

It appears that the trial court's September 2, 2011 order was an attempt to make its order denying the Shulers' petition to set aside the Settlement Agreement a final, appealable order by bringing it within the confines of Trial Rule 54(B). See Martin v. Amoco Oil Co., 696 N.E.2d 383, 385 (Ind. 1998) ("A judgment or order as to less than

revoke a trust that had been created for the benefit of the ward was a final judgment even though the guardianship remained open. Id. at 1106. In reaching this conclusion, the court reasoned that the trial court's order disposed of the issue of whether the trust would remain in effect. Id. Aside from that issue, the previously resolved issue of the appointment of the guardian, and the issue of attorney fees, no other issues were raised in the pleadings that were part of the record in that appeal. Id. Accordingly, the court concluded that it was immaterial that the guardianship remained open and that ownership of certain assets had not yet been ascertained. Id.

Phillips involved a guardianship proceeding as opposed to an estate. Although the two types of proceedings are analogous in certain ways, they are distinct in that a guardianship may go on indefinitely, while an estate will be closed upon the distribution of the assets. Additionally, unlike the order denying the petition to revoke the trust in the Phillips case, the trial court's order denying the Shulers' petition to set aside the Settlement Agreement does not address an issue that is separate and distinct from the remainder of the underlying proceedings. Rather, the order at issue here goes to the very heart of the underlying estate proceedings because it determines the manner in which the estate will be distributed—either under the terms of the Settlement Agreement or the 1987 will.

[3] In Dawson, this court concluded that although the order was interlocutory, it was appealable as of right under Appellate Rule 14(A) because it was an order for the payment of money. 796 N.E.2d at 1194 n.2.

all of the issues, claims, or parties in an action may become final only by meeting the requirements of T.R. 54(B).").  Trial Rule 54(B) provides, in relevant part, that:

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

In Martin, our supreme court adopted a "bright line" rule requiring strict compliance with Trial Rule 54(B) before a trial court's order disposing of less than all issues as to all parties will be deemed final and appealable as of right.  696 N.E.2d at 385.  The court explained that this formalistic approach "removes uncertainties about when a party should appeal, thus minimizing the risk that an appeal will be dismissed as premature or that the right to appeal will be inadvertently lost."  Id.  The court reasoned further that strict compliance with the rule "place[s] the discretion of deciding when the facts indicate that a judgment should be deemed final in the hands of the individual best able to make such decisions—the trial judge."  Id.  Thus, unless a trial court uses the "magic language" set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature.  See Forman v. Penn, 938 N.E.2d 287, 289-90 (Ind. Ct. App. 2010) (dismissing appeal), appeal reinstated and trial court judgment aff'd on reh'g, 945 N.E.2d 717 (Ind. Ct. App. 2011), trans. denied.

Here, the trial court's September 2, 2011 order did not comply with the dictates of Trial Rule 54(B).  Specifically, the order simply modified the April 12, 2011 entry to include a statement that it is a final, appealable order.  Neither the April 12 order nor the

5

September 2 order included an express determination that there was no just reason for delay. Accordingly, the September 2, 2011 order is not final and appealable under Trial Rule 54(B).

Because the trial court's September 2, 2011 order was not a final judgment, the Shulers cannot appeal unless the order is an appealable interlocutory order. See Bacon v. Bacon, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), trans. denied. "An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." Id. This court has "jurisdiction over appeals of interlocutory orders under Rule 14[.]" App. R. 5(B).

Under Appellate Rule 14(A), certain interlocutory orders may be appealed as a matter of right. Such appeals must be expressly authorized, and that authorization is to be strictly construed. Bacon, 877 N.E.2d at 804. None of the grounds for interlocutory appeals set forth in Appellate Rule 14(A) apply to the case before us. Therefore, the Shulers are not entitled to an interlocutory appeal as a matter of right. Additionally, under Appellate Rule 14(B), interlocutory orders may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B). Although the trial court certified its April 12, 2011 order for interlocutory appeal, this court declined to accept jurisdiction, and no such certification and acceptance took place with respect to the September 2, 2011 order. Thus, the trial court's September 2, 2011 order is not appealable under Appellate Rule 14(B).

For all of these reasons, we conclude that the order from which the Shulers appeal is neither a final judgment nor an appealable interlocutory order. This court is therefore without subject matter jurisdiction to entertain the Shulers' appeal.

Dismissed.

ROBB, C.J., and BAILEY, J., concur.