## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 17 2015, 7:28 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael B. Troemel
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Recker
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of T.D. (Minor Child), A Child in Need of Services,

and

W.D. (Father),
*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

December 17, 2015

Court of Appeals Case No.
79A04-1505-JC-372

Appeal from the Tippecanoe Superior Court

The Honorable Faith A. Graham, Judge

Trial Court Cause No.
79D03-1408-JC-237



*Appellee-Petitioner*

**Crone, Judge.**

# Case Summary

W.D. ("Father") appeals a trial court order denying his motion for modification of placement of his daughter T.D., previously designated a child in need of services ("CHINS"). The Department of Child Services ("DCS") has filed a motion to dismiss for lack of subject matter jurisdiction. Finding that the appealed order is not a final order and that Father did not perfect an interlocutory appeal, we dismiss for lack of subject matter jurisdiction.

# Facts and Procedural History

In August 2014, when T.D. was four days old, DCS removed her from Father and her mother S.E. ("Mother") and placed her in a foster home with Mother's three older children, who had been placed in foster care on concerns that Father had abused or failed to provide adequate supervision for them. The trial court designated T.D. and her half siblings as CHINS. In November 2014, the trial

court issued a dispositional order mandating, with respect to T.D., that Father participate in ordered services, attend supervised visitation, and submit to drug and alcohol screens. As part of the dispositional decree, the court ordered that T.D. and her half siblings remain in their current foster care placement.

[3] Father appealed the dispositional order, challenging the sufficiency of evidence to support T.D.'s CHINS designation, and another panel of this Court affirmed. He did not challenge T.D.'s foster care placement in that appeal.

[4] In March 2015, Father filed a motion to modify T.D.'s placement in foster care, requesting a relative placement with his mother ("Grandmother"). After a hearing, the trial court denied the motion. In a written order entitled, "Order on Early Review," the trial court "advise[d] paternal grandmother to attend Family Dynamics Program at a minimum prior to Father renewing his request for modification of placement." Appellant's App. at 56, 59. Father now appeals.

## Discussion and Decision

[5] Father appeals the trial court's order, charactering it as a final, appealable order. In response, DCS has filed a motion to dismiss for lack of subject matter jurisdiction. This Court's authority to exercise appellate jurisdiction is generally limited to appeals from final judgments. *Ramsey v. Moore*, 959 N.E.2d

246, 251 (Ind. 2012); Ind. Appellate Rule 5. Indiana Appellate Rule 2(H) states in pertinent part,

> A judgment is a final judgment if … it disposes of all claims as to all parties … [or] … the trial court in writing expressly determines under Trial Rule 54(B) … that there is no just reason for delay and in writing expressly directs the entry of judgment … under Trial Rule 54(B) as to fewer than all the claims or parties.

Indiana Trial Rule 54(B) states in pertinent part,

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that *there is no just reason for delay*, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

(Emphasis added.)  "The purpose of Trial Rule 54(B) is to avoid piecemeal litigation and appeal of various issues in a case and to preserve judicial economy by protecting against the appeal of orders that are not yet final." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citation omitted). "[U]nless the trial court uses the 'magic language' set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature." *In re Estate of Botkins*, 970 N.E.2d 164, 167 (Ind. Ct. App. 2012).

[6] Concerning the issue of a child's placement, Indiana Code Section 31-34-20-1(a)(3) authorizes the trial court to remove a CHINS from her home and place

her in another home or shelter care facility. By virtue of its ability to determine placement of the child, the trial court has exclusive jurisdiction over custody decisions, until the parties are either discharged or the cause is transferred. *E.R. v. Marion Cnty. Office of Family & Children*, 729 N.E.2d 1052, 1060 (Ind. Ct. App. 2000). The trial court must review the placement decision at least once every six months. Ind. Code § 31-34-21-2. Placement decisions are continuing in nature, subject to change while the CHINS proceedings are pending, and do not finally determine placement of the child. *E.R.*, 729 N.E.2d at 1059-60.

[7] With respect to T.D.'s placement, we note that the trial court clearly anticipated that Father would renew his request for modification, specifying both at the hearing and in its written findings that Grandmother should "attend [the] Family Dynamics Program at a minimum prior to Father renewing his request for modification of placement." Tr. at 46; Appellant's App. at 59. *See also* Appellant's App. at 59 (trial court's written finding "that the objectives of the dispositional decree have not been accomplished"). The order itself was titled, "Order on Early Review." *Id*. at 56. The trial court did not include the "magic language" necessary for finality, and Father did not petition the trial court to have the order deemed final pursuant to Trial Rule 54(B). *In re Estate of Botkins*, 970 N.E.2d at 167. As such, the order was not a final, appealable order.

[8] Where, as here, there is a formal periodic review of a placement decision resulting in a formal determination, it is reviewable in an interlocutory appeal. *E.R.*, 729 N.E.2d at 1060. Indiana Appellate Rule 14 governs the filing of

appeals from interlocutory orders.[1]  Rule 14(A) outlines the circumstances in which a person may take an interlocutory appeal as a matter of right, none of which apply here.  Rule 14(B) describes the procedures necessary to perfect a discretionary interlocutory appeal, that is, certification by the trial court and acceptance by this Court.  Father did not follow those procedures here and, as such, review of this interlocutory order is no longer available to him.

[9]  In sum, the appealed order did not contain the language required by Trial Rule 54(B) for finality and is therefore not appealable as a final order.  Moreover, the appealed order does not fall within the limited circumstances under which an interlocutory appeal of right may be taken, and Father did not the take steps necessary to perfect a discretionary interlocutory appeal pursuant to Appellate Rule 14(B).  As a result, we lack subject matter jurisdiction over his appeal.  Accordingly, we dismiss.

[10]  Dismissed.

Vaidik, C.J., and Bailey, J., concur.

---

[1] Appellate Rule 14.1 allows DCS to file expedited appeals in limited circumstances in CHINS cases where the trial court does not follow DCS recommendations regarding placement and/or services.  There is no similar provision for an expedited appeal filed by a parent.