## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

John Thrasher
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Neal Bailen
Stites & Harbison PLLC
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Danette M. Roland,

*Appellant-Defendant,*

v.

Nationstar Mortgage LLC,

*Appellee-Plaintiff.*

February 17, 2016

Court of Appeals Case No.
29A04-1508-MF-1241

Appeal from the Hamilton County Superior Court

The Honorable William J. Hughes, Judge

The Honorable William P. Greenaway, Magistrate

Trial Court Cause No.
29D03-1404-MF-3480

**Altice, Judge.**

## Case Summary

[1] Nationstar Mortgage, LLC (Nationstar) filed a mortgage foreclosure action against Danette Roland, and Roland filed counterclaims against Nationstar for criminal conversion and alleged violations of the Fair Debt Collection Practices Act. The parties filed cross-motions for summary judgment on Roland's counterclaims, and Roland appeals from the trial court's order denying her motion and granting Nationstar's.

[2] Concluding *sua sponte* that the order from which Roland appeals is not an appealable final judgment, we dismiss.

## Facts & Procedural History

[3] In 1999, Wayne Roland (Wayne) executed a promissory note payable to Countrywide Home Loans, Inc. in the principal amount of $225,000. As security for the note, Wayne and Roland, who were at that time married, granted Countrywide a mortgage on their Carmel residence. Nationstar is the current holder of the note and the assignee of the mortgage.

[4] In 2014, Nationstar filed an action to foreclose on the mortgage. Roland asserted counterclaims for criminal conversion and alleged violations of the Fair Debt Collection Practices Act. Nationstar and Roland filed cross-motions for summary judgment on her counterclaims. After briefing and a hearing, the trial court denied Roland's motion and granted summary judgment for Nationstar on the counterclaims, and the foreclosure claim remained pending.

Roland filed a motion to reconsider,[1] which the trial court denied. This appeal ensued.

## Discussion & Decision

[5] Except as provided in Ind. Appellate Rule 4,[2] this court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A); *Whittington v. Magnante*, 30 N.E.3d 767, 768 (Ind. Ct. App. 2015). "Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*." *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012).

[6] A final judgment is one that "disposes of all claims as to all parties[.]" Ind. Appellate Rule 2(H); *see also Bueter v. Brinkman*, 776 N.E.2d 910, 912-13 (Ind. Ct. App. 2002) (explaining that a final judgment "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to

---

[1] We note that this motion was styled a "Motion for Correction of Errors." *Appellant's Appendix* at 595. However, because the trial court's summary judgment order was not a final judgment (as we explain further below), a motion to correct error was improper. *See* Ind. Trial Rule 59(C) (providing that a motion to correct error must be filed within thirty days "after the entry of a final judgment"); *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (a motion to reconsider may be made prior to entry of final judgment; after final judgment, a party may file a motion to correct error). Accordingly, Roland's motion should be viewed as a motion to reconsider.

[2] App. R. 4 provides for appeal directly to our Supreme Court for a narrow class of cases, none of which are relevant here.

the particular case as to all of such parties and all of such issues" (quoting *Hudson v. Tyson*, 383 N.E.2d 66, 69 (Ind. 1978)). Because Nationstar's foreclosure claim remained pending after the trial court granted Nationstar's motion for summary judgment on Roland's counterclaims, that order is not an appealable final judgment pursuant to App. R. 2(H)(1). Nor did the trial court's summary judgment order or its order on Roland's motion to reconsider contain the "magic language" set forth in App. R. 2(H)(2) (providing that a judgment as to fewer than all claims or parties is nevertheless final if the trial court determines, expressly and in writing, "that there is no just reason for delay and in writing expressly directs the entry of judgment"). *See also Botkins*, 970 N.E.2d at 167.

[7]     Because the trial court's summary judgment order was not a final judgment, Roland cannot appeal unless the order is an appealable interlocutory order pursuant to Ind. Appellate Rule 14. *See id.* at 168. App. R. 14(A) provides that certain interlocutory orders may be appealed as a matter of right. "Such appeals must be expressly authorized, and that authorization is to be strictly construed." *Id.* Because none of the grounds for interlocutory appeals set forth in App. R. 14(A) are applicable to the case before us, Roland is not entitled to an interlocutory appeal as a matter of right. Nor has Roland satisfied the certification and acceptance requirements of App. R. 14(B) (providing that "[a]n appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal").

[8] For all of these reasons, we conclude that the order from which Roland appeals is neither a final judgment nor an appealable interlocutory order. This court therefore lacks subject matter jurisdiction to entertain Roland's appeal.

[9] Appeal dismissed.

[10] Robb, J., and Barnes, J., concur.