## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2016, 9:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Brett M. Haworth
David M. Henn
Henn Haworth Cummings
Greenwood, Indiana

ATTORNEY FOR APPELLEE

Rick L. Weil
Reminger Co., L.P.A.
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ashley Poythress and LaVenita Burnett, *Appellants-Plaintiffs,* v. Esurance Insurance Company, *Appellee-Defendant.* | February 19, 2016 Court of Appeals Case No. 49A05-1509-CT-1363 Appeal from the Marion Superior Court The Honorable Gary L. Miller, Judge Trial Court Cause No. 49D03-1412-CT-39694 |

**Altice, Judge.**

**Case Summary**

[1] Ashley Poythress and LaVenita Burnett (collectively, the Plaintiffs) appeal from the trial court's order granting summary judgment in favor of Esurance Insurance Company (Esurance).

[2] Concluding *sua sponte* that the order from which the Plaintiffs appeal is not a final judgment or an appealable interlocutory order, we dismiss.

### Facts & Procedural History

[3] On July 28, 2013, the Plaintiffs were passengers in a vehicle that was stopped at a red light when it was rear-ended by a vehicle registered to Jonathan Tarter. The driver of Tarter's vehicle fled the scene. Although the Plaintiffs were able to get the license plate number, the driver of Tarter's vehicle was never identified.

[4] At the time of the accident, Poythress held a policy of car insurance issued by Esurance. Burnett is Poythress's mother and lived with Poythress at the relevant time. The Plaintiffs filed a claim with Esurance for damages resulting from the accident, which Esurance denied.

[5] On December 5, 2014, the Plaintiffs filed a complaint for damages against Tarter and Esurance. Esurance subsequently filed a motion for summary judgment. On August 11, 2015, the trial court entered its order granting summary judgment for Esurance. Although the order did not address the Plaintiffs' negligence claims against Tarter, it contained language purporting to make the order final and appealable. This appeal ensued.

## Discussion & Decision

[6] Except as provided in Ind. Appellate Rule 4,[1] this court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A); *Whittington v. Magnante*, 30 N.E.3d 767, 768 (Ind. Ct. App. 2015). "Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*." *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012).

[7] A final judgment is one that "disposes of all claims as to all parties[.]" Ind. Appellate Rule 2(H); *see also Bueter v. Brinkman*, 776 N.E.2d 910, 912-13 (Ind. Ct. App. 2002) (explaining that a final judgment "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues" (quoting *Hudson v. Tyson*, 383 N.E.2d 66, 69 (Ind. 1978)). Because the summary judgment order did not dispose of the Plaintiffs' negligence claims against Tarter, it was not a final judgment within the meaning of App. R. 2(H)(1).

---

[1] App. R. 4 provides for appeal directly to our Supreme Court for a narrow class of cases, none of which are relevant here.

[8] "A judgment or order as to less than all of the issues, claims, or parties in an action may become final only by meeting the requirements of [Ind. Trial Rule] 54(B)." *Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998). Pursuant to that rule, the trial court must, "in writing, expressly determine that there is no just reason for delay and, in writing, expressly direct entry of judgment." *Id.* *See also* Ind. Trial Rule 56(C) (providing that summary judgment with respect to less than all of the issues, claims or parties "shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties."); App. R. 2(H)(2) (providing that a judgment as to fewer than all claims or parties is a final judgment where the requirements of T.R. 54(B) or T.R. 56(C) are met). This court and our Supreme Court have noted that T.R. 54(B) establishes a "bright line" rule requiring strict compliance. *See Martin*, 696 N.E.2d at 385; *In re Adoption of S.J.*, 967 N.E.2d 1063, 1065-66 (Ind. Ct. App. 2012). "Thus, unless a trial court uses the 'magic language' set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature." *Botkins*, 970 N.E.2d at 167.

[9] Here, the trial court's summary judgment order did not satisfy the requirements of T.R. 54(B). Although the order contained language providing that it was "a final appealable order", *Appellant's Appendix* at 8, this court has noted that "simply labeling an order final and appealable does not make it so." *Botkins*, 970 N.E.2d at 167. Because the trial court's summary judgment order did not contain the "magic language" set forth in T.R. 54(B), it was not a final,

appealable judgment. *See Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003) (explaining that the trial court cannot "confer appellate jurisdiction over an order that is not appealable either as a final judgment or under [T.R.] 54(B)"); *Botkins*, 970 N.E.2d at 167 (holding that a trial court's order providing that the order was "final and appealable" did not satisfy the requirements of T.R. 54(B)); *Cincinnati Ins. Co. v. Davis*, 860 N.E.2d 915, 920-21 (Ind. Ct. App. 2007) (holding that an order stating "as there now remain no pending issues, this shall be considered a final, appealable order" did not satisfy the requirements of T.R. 54(B)).

[10] Accordingly, the Plaintiffs cannot appeal unless the order is an appealable interlocutory order pursuant to Ind. Appellate Rule 14. *See Botkins*, 970 N.E.2d at 168. App. R. 14(A) provides that certain interlocutory orders may be appealed as a matter of right. "Such appeals must be expressly authorized, and that authorization is to be strictly construed." *Id.* Because none of the grounds for interlocutory appeals set forth in App. R. 14(A) are applicable to the case before us, the Plaintiffs are not entitled to an interlocutory appeal as a matter of right. Nor have the Plaintiffs satisfied the certification and acceptance requirements of App. R. 14(B) (providing that "[a]n appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal").

[11] For all of these reasons, we conclude that the order from which the Plaintiffs appeal is neither a final judgment nor an appealable interlocutory order. This

court therefore lacks subject matter jurisdiction to entertain the Plaintiffs' appeal.

[12]    Appeal dismissed.

[13]    Robb, J. and Barnes, J., concur.