## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 16 2016, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Richard Hoffman
Hoagland, Indiana

ATTORNEY FOR APPELLEE

Roberta L. Renbarger
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Hoffman,

*Appellant-Respondent,*

v.

Rhonda Hoffman,

*Appellee-Petitioner.*

June 16, 2016

Court of Appeals Cause No.
02A03-1511-DR-1996

Appeal from the Allen Superior Court

The Honorable Charles F. Pratt, Judge

Trial Court Cause No.
02D08-1408-DR-1165

**Barnes, Judge.**

# Case Summary

Richard Hoffman appeals the denial of his petition to annul his marriage to Rhonda Hoffman. We dismiss.

# Issue

The sole issue we need address is whether this court has jurisdiction to consider Richard's appeal.

# Facts

Richard and Rhonda were married in 2009. On the parties' marriage license application, Rhonda stated that she had previously been married four times and that her last marriage had ended by annulment. Rhonda had previously been married five times. Her last marriage to Curtis Lohr was annulled in 2003 as void because Lohr was still married to another person at the time of his purported marriage to Rhonda.

Rhonda petitioned for divorce from Richard in September 2014. On February 27, 2015, Richard filed a petition to annul his marriage to Rhonda; the petition was filed as part of the dissolution proceedings and under the same cause number. In the petition, Richard alleged his marriage to Rhonda was void due to fraud. Specifically, Richard claimed Rhonda had misled him into thinking she had previously been married four times rather than five. On October 22, 2015, after conducting a hearing on the matter, the trial court denied Richard's annulment petition. Richard then initiated an appeal from this ruling.

According to the trial court's docket, the parties' final dissolution hearing is to be held on September 6, 2016.

## Analysis

[5] Richard contends the evidence is clear that Rhonda entered misleading information on the parties' marriage license application regarding the number of times she previously had been married, thus rendering their marriage void. Rhonda responds that, because her last marriage was ended by annulment, it is considered a legal nullity and her statement on the license application that she previously had been married four times, not five, was accurate.

[6] We will not resolve the merits of this dispute at this time. By rule, this court "shall have jurisdiction in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts, notwithstanding any law, statute or rule providing for appeal directly to the Supreme Court of Indiana." Ind. Appellate Rule 5(A). We also have jurisdiction to entertain interlocutory appeals in accordance with Indiana Appellate Rule 14. Ind. App. R. 5(B). According to Indiana Appellate Rule 2(H):

> A judgment is a final judgment if:
>
> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties,

or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

[7] "Whether an order is a final judgment governs this court's subject matter jurisdiction." *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). The lack of appellate subject matter jurisdiction may be raised at any time, and we may consider the issue sua sponte even if not raised by the parties. *Id.*

[8] Here, Richard filed his petition for annulment as part and parcel of the dissolution proceedings initiated by Rhonda. After denial of the annulment petition, those proceedings are ongoing. Final resolution of the rights and responsibilities between the parties remains incomplete. In other words, denial of the annulment petition did not dispose of all the claims between the parties. The trial court did not use the "magic language" of Trial Rule 54(B) needed for an order to be deemed final, and thus denial of the annulment petition was interlocutory in nature. *See id.* at 167. Although certain interlocutory orders are appealable as of right, denial of the annulment petition does not fall within

any of those categories.[1]  And, Richard did not follow the dictates of Indiana Appellate Rule 14(B) to pursue a discretionary interlocutory appeal.  We lack subject matter jurisdiction to consider Richard's appeal and must dismiss.  *See id.* at 168.

## Conclusion

The denial of Richard's annulment petition was not a final appealable order, nor subject to interlocutory appeal as of right, and he did not seek permission to file a discretionary interlocutory appeal.  We dismiss.

Dismissed.


Vaidik, C.J., and Mathias, J., concur.

---

[1] Indiana Appellate Rule 14(A) lists the following types of interlocutory orders that are appealable as of right:

> (1) For the payment of money;
>
> (2) To compel the execution of any document;
>
> (3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;
>
> (4) For the sale or delivery of the possession of real property;
>
> (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;
>
> (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;
>
> (7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;
>
> (8) Transferring or refusing to transfer a case under Trial Rule 75; and
>
> (9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.