## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2017, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Cordell Funk
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Courtney L. Donald a/k/a Courtney Cain, <br><br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, Z.D.C. b/n/f Shana L. Rhodes, <br><br> *Appellee-Plaintiff* | February 15, 2017 <br><br> Court of Appeals Case No. 45A03-1610-RS-2386 <br><br> Appeal from the Lake Circuit Court <br><br> The Honorable George C. Paras, Judge <br><br> The Honorable Michael A. Sarafin, Magistrate <br><br> Trial Court Cause No. 45C01-1406-RS-110 |

**Altice, Judge.**

**Case Summary**

Paternity of Z.D.C. was established in Courtney L. Donald a/k/a Courtney Cain's (Father) and his resulting child support obligation was set by default judgment in Colorado on May 15, 2006 (the Colorado Order). This order was subsequently registered and confirmed in Indiana and has been the subject of two petitions for contempt based upon child support arrearages. This case involves the second. Father filed a motion to dismiss, arguing that the Colorado Order was void for lack of personal jurisdiction due to insufficient service of process. Father appeals from the trial court's denial of his motion to dismiss.

Concluding *sua sponte* that the order from which Father appeals is not a final judgment or an appealable interlocutory order, we dismiss.

## Facts & Procedural History

On June 19, 2014, the State of Indiana commenced this cause by filing a petition to confirm the Colorado Order pursuant to the Uniform Interstate Family Support Act. At the same time, the State filed its first petition for contempt citation due to Father's failure to pay child support. Father failed to appear and was defaulted on July 15, 2014. Thereafter, the trial court confirmed the Colorado Order, found Father in contempt, issued a bench warrant, and reduced Father's arrearage of $26,521.02 to judgment.

On February 24, 2015, following his arrest on the bench warrant, Father filed a verified request for immediate release and a Trial Rule 60(B) motion to set aside the contempt judgment. By agreement of the parties, the trial court ordered

Father released from the Lake County Jail and set Father's T.R. 60(B) motion for pre-trial conference. At a pre-trial conference on June 24, 2015, the parties presented, and the trial court approved, an agreement resolving all pending matters. Pursuant to the agreement, the contempt order was vacated, the State withdrew the contempt citation, and the Colorado Order remained confirmed.[1]

[5] The State commenced new contempt proceedings against Father by filing a second petition for contempt citation on September 16, 2015. Shortly thereafter, Father filed a motion to dismiss in which he argued that the Colorado Order was void for lack of personal jurisdiction because he never received service or notice of the 2006 Colorado proceedings. Following a hearing, the trial court denied Father's motion to dismiss on September 16, 2016, and scheduled the pending citation for final pre-trial conference on December 7, 2016. Father appeals from the denial of his motion to dismiss.

## Discussion & Decision

[6] Except as provided in Ind. Appellate Rule 4,[2] this court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A); *Whittington v. Magnante*, 30 N.E.3d 767, 768 (Ind. Ct. App. 2015). "Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction." *Front*

---

[1] The record before us is extremely thin but it appears possible that Father waived his challenge to the validity of the Colorado Order by agreeing to leave it confirmed in Indiana.

[2] App. R. 4 provides for appeal directly to our Supreme Court for a narrow class of cases, none of which are relevant here.

*Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*." *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012).

[7] A final judgment is generally one that "disposes of all claims as to all parties". Ind. Appellate Rule 2(H)(1). It "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues." *Bueter v. Brinkman*, 776 N.E.2d 910, 912-13 (Ind. Ct. App. 2002) (quoting *Hudson v. Tyson*, 383 N.E.2d 66, 69 (Ind. 1978)). "Additionally, a trial court may convert an otherwise interlocutory order into an appealable final judgment by including certain 'magic language' set forth in Ind. Trial Rule 54(B)." *Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016) (citing App. R. 2(H)(3) and *Botkins,* 970 N.E.2d at 167).

[8] The trial court's September 2016 order denying Father's motion to dismiss was not a final order within the meaning of App. R. 2(H)(1), as the contempt citation remained pending. Nor did the order contain the "magic language" set forth in T.R. 54(B).

[9] Father might argue that his motion to dismiss was a T.R. 60(B)(6) motion to set aside the Colorado Order. Pursuant to App. R. 2(H) and T.R. 60(C), the grant or denial of a T.R. 60(B) motion to set aside a judgment is deemed a final

judgment. "An Indiana court may inquire into the jurisdictional basis for a foreign judgment, and if the first court did not have subject matter or personal jurisdiction, full faith and credit need not be given to the judgment." *Hays v. Hays*, 49 N.E.3d 1030, 1037 (Ind. Ct. App. 2016). This is not to say, however, that an Indiana court is entitled to actually set aside the judgment of a sister state as void for lack of jurisdiction. Seemingly recognizing this, Father's motion to dismiss sought the dismissal of the reciprocal support action rather than the setting aside of the Colorado Order.[3]

[10] Because Father is not appealing from a final judgment, he can only appeal if the order is an appealable interlocutory order pursuant to Ind. Appellate Rule 14. *See Botkins*, 970 N.E.2d at 168. App. R. 14(A) provides that certain interlocutory orders may be appealed as a matter of right. "Such appeals must be expressly authorized, and that authorization is to be strictly construed." *Id.* Because none of the grounds for interlocutory appeals set forth in App. R. 14(A) are applicable to the case before us, Father is not entitled to an interlocutory appeal as a matter of right. Nor has he satisfied the certification and acceptance requirements of App. R. 14(B) (providing that "[a]n appeal may

---

[3] Father acknowledges this distinction in footnote 1 of his appellate brief:

> When an Indiana Court refuses to give full faith and credit to a foreign judgment and thus finds it void and thus unenforceable in Indiana, it is not acting as an appellate court over the judgment of the foreign state. Rather it is determining whether that judgment is enforceable in Indiana. It is thus protecting Indiana citizens from the effects of a foreign judgment that was obtained against that Indiana citizen without due process.

*Appellant's Brief* at 8.

be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal").

[11] For all of these reasons, we conclude that the order from which Father appeals is neither a final judgment nor an appealable interlocutory order. This court therefore lacks subject matter jurisdiction to entertain Father's appeal.[4]

[12] Appeal dismissed.

[13] Riley, J. and Crone, J., concur.

---

[4] Even if we were to reach the merits of Father's appeal, we observe that he has wholly failed to cite any authority from Colorado. *See Harry Kaufmann Motorcars, Inc. v. Schumaker Performance, Inc.*, 964 N.E.2d 872, 875 (Ind. Ct. App. 2012) ("In assessing a collateral attack on a foreign judgment, we apply the law of the state where the judgment was rendered. A judgment which is void in the state where it was rendered is also void in Indiana." (internal citations omitted)). Additionally, he has not provided us with the hearing transcript or the evidence presented at the hearing regarding his claim of lack of service.