## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/06/2017, 10:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Katherine A. Harmon
Jared S. Sunday
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the matter of the Supervised Estate of Gary L. Steinmetz, deceased, with personal representative Ruth Steinmetz

*Appellant-Petitioner,*

v.

Daryl Steinmetz,

*Appellee-Respondent*

September 6, 2017

Court of Appeals Case No.
15A05-1704-ES-701

Appeal from the Dearborn Circuit Court

The Honorable James Humphrey, Judge

Trial Court Cause No.
15C01-1611-ES-35

**Altice, Judge.**

**Case Summary**

Ruth Steinmetz, as personal representative of the estate of her son Gary L. Steinmetz, appeals the trial court's denial of a petition to probate Gary's purported will. Concluding that the order from which Ruth appeals is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal.

## Facts & Procedural History

Gary died unexpectedly on October 30, 2016, leaving behind Ruth, his sister Donna Johnson, his brothers Daryl and Terrance Steinmetz, and his minor niece Lydia Trabel (daughter of his deceased sister). On November 7, 2016, Ruth sought appointment as the personal representative of Gary's estate, alleging that he died intestate. The trial court appointed Ruth personal representative under supervised administration that same day.

On December 8, 2016, Daryl filed a petition to remove Ruth as personal representative or, in the alternative, to appoint a co-personal representative. In the petition, Daryl alleged a belief that Ruth had been dissipating assets of the estate for her own use and benefit. He also alleged that Ruth might have been attempting to circumvent the legal distribution of the estate.

The following day, Ruth filed a petition to probate Gary's will, dated February 21, 2015, which she had allegedly just discovered at Gary's house on the floor next to his recliner. Ruth claimed that she was the sole heir named in the will and should be executrix of the estate.

[5] The trial court held an evidentiary hearing on January 30 and February 21, 2017, to determine whether to admit the purported will to probate. The validity of the handwritten document and whether it had been intended by Gary to be his will were hotly contested issues at the hearing. The trial court took the matter under advisement and, on March 8, 2017, entered an order denying Ruth's petition. Specifically, the trial court found insufficient evidence that the document presented for probate constituted Gary's last will and testament.

[6] On March 27, 2017, Daryl filed a renewed request to remove Ruth as personal representative of the estate. Ruth quickly filed an inventory and appraisal of the estate and a response to Daryl's request to have her removed. The trial court scheduled a hearing for April 18, 2017, which was later continued upon Ruth's filing of the instant appeal on April 7, 2017.

**Discussion & Decision**

[7] In her notice of appeal, Ruth indicates that her appeal of the March 8, 2017 order denying the petition for probate is an appeal from a final judgment. It is not. *See In re Estate of Botkins*, 970 N.E.2d 164, 167 (Ind. Ct. App. 2012) ("orders issued by a probate court are not final until the estate is closed"). *See also* Ind. Appellate Rule 2(H)(1) (a judgment is final if, among other things, "it disposes of all claims as to all parties").

[8] Whether an order is a final judgment governs our appellate jurisdiction. *Botkins*, 970 N.E.2d at 166. "The lack of [appellate] jurisdiction may be raised

at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*." *Id*.

[9] Here, because the estate remained open after entry of the appealed order, the order does not constitute a final judgment. *Id*. at 166-67. Further, this interlocutory order is not appealable as a matter of right under Ind. Appellate Rule 14(A) and no certification of the order by the trial court and acceptance of jurisdiction by this court under App. R. 14(B) has taken place. Accordingly, we are without jurisdiction to entertain Ruth's appeal.

[10] Appeal dismissed.

Baker, J. and Bailey, J., concur.