## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 06 2018, 10:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph J. Zaknoen
Michigan City, Indiana

ATTORNEY FOR APPELLEE

Douglas L. Biege
LaPorte, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Unsupervised Estate:  John W. Homan,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>The Unsupervised Estate of Robert L. Homan, Deceased,<br><br>*Appellee-Respondent* | February 6, 2018<br><br>Court of Appeals Case No. 46A05-1706-EU-1357<br><br>Appeal from the LaPorte Circuit Court<br><br>The Honorable Thomas J. Alevizos<br><br>Trial Court Cause No. 46C01-1601-EU-20 |

**Altice, Judge.**

## Case Summary

[1]     John W. Homan (John) appeals following the entry of an order denying his petition to convert the Unsupervised Estate of Robert L. Homan (the Estate) to

a supervised estate and for other relief relating to the Estate and granting the motion to strike filed by the Estate's personal representative, Paul F. Homan (Paul).

[2] Concluding *sua sponte* that the order from which John appeals is neither a final judgment nor an appealable interlocutory order, we dismiss.

## Facts & Procedural History

[3] Robert L. Homan (Robert) died on January 20, 2016. January 28, 2016, Paul filed a petition to probate Robert's 2009 will. On February 18, 2016, the trial court entered an order admitting the will to probate, appointing Paul personal representative, and authorizing unsupervised administration of the Estate.

[4] On August 1, 2016, John filed his petition to convert to supervised administration, in which he argued that the residuary of the Estate was the property of a trust Robert created prior to his death, of which John was the successor trustee. Paul filed a response in opposition and motion to strike two of John's exhibits, and a hearing was held on August 23, 2016. On January 23, 2017, the trial court issued its order denying John's petition to convert to supervised administration and granting Paul's motion to strike John's exhibits.

John filed a "Motion to Correct Error"[1] on February 21, 2017. *Appellant's Appendix Vol. 2* at 128. The trial court held another hearing, but no order was issued. On June 20, 2017, John filed a notice of appeal in which he purported to be appealing from a final judgment. Specifically, he asserted that the trial court's January 23, 2017 order was a final judgment, and that his motion to correct error was deemed denied on May 27, 2017. This matter has been fully briefed and now comes before us for disposition.

## Discussion & Decision

Whether an order is a final judgment governs our appellate jurisdiction. *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012) (citing Ind. Appellate Rule 5(A)). A final judgment is one which disposes of all claims as to all parties and puts an end to the particular case. *Id.* (citing App. R. 2(H)(1)). Additionally, a trial court may convert an otherwise interlocutory order into an appealable final judgment by including certain "magic language" set forth in Ind. Trial Rule 54(B). App. R. 2(H)(3); *Botkins*, 970 N.E.2d at 167. "The lack of [appellate] jurisdiction may be raised at any time, and where the parties do

---

[1] Although it is of no real consequence under the circumstances of this case, we note that this motion was mislabeled. Because the January 23, 2017 order was not final (as we explain below), John's purported "Motion to Correct Error" was in fact a motion to reconsider. *See Citizens Indus. Group v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct. App. 2006) (explaining that "a party can only file a motion to reconsider with the court if the action remains *in fieri*" and "[i]f the trial court has issued a final judgment, the party must file a motion to correct errors rather than a motion to reconsider"), *trans. denied*; *Stephens v. Irvin*, 730 N.E.2d 1271, 1277 (Ind. Ct. App. 2000) (treating a motion labeled a "Motion to Correct Error" filed before the entry of final judgment as a motion to reconsider), *trans. denied*; *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (1998) (holding that a "motion to reconsider" filed after the entry of final judgment must be considered a motion to correct error).

not raise the issue, this court may consider it *sua sponte*." *Botkins*, 970 N.E.2d at 166.

[7] This court has explained that "orders issued by a probate court are not final until the estate is closed." *See id.* at 167. Here, because the Estate remained open after entry of the January 23, 2017 order and the trial court did not use the T.R. 54(B) "magic language," that order does not constitute a final judgment. Further, this interlocutory order is not appealable as a matter of right under Ind. Appellate Rule 14(A) and no certification of the order by the trial court and acceptance of jurisdiction by this court under App. R. 14(B) has taken place. For all of these reasons, we lack jurisdiction to entertain this appeal, and we therefore dismiss. *See Town of Ellettsville v. Despirito*, 87 N.E.3d 9, 12 (Ind. 2017) (explaining that "in the overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal").

[8] Appeal dismissed.

[9] May, J. and Vaidik, C.J., concur.