**OPINION ON REHEARING**



ATTORNEYS FOR APPELLANT

James M. Lewis
Michael J. Hays
Tuesley Hall Konopa LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Timothy J. Maher
Barnes & Thornburg LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Estate of James E. Hurwich,

Scott D. Hurwich,
*Appellant-Plaintiff,*

v.

Stacey R. MacDonald,
*Appellee-Defendant*

August 1, 2018

Court of Appeals Case No.
71A04-1705-EU-990

Appeal from the St. Joseph Probate Court

The Honorable Jeffrey L. Sanford, Special Judge

Probate Court Cause No.
71J01-0412-EU-56

**Baker, Judge.**

Hurwich petitions for rehearing, arguing that he should be permitted to file an amended complaint.

Hurwich first contends that we erred by finding that the probate court's order dismissing Hurwich's complaint against MacDonald with prejudice was a final judgment. Hurwich directs our attention to *In re Estate of Botkins*, 970 N.E.2d 164, 167 (Ind. Ct. App. 2012), which notes "that orders issued by a probate court are not final until the estate is closed." Hurwich reasons that because the Estate was open when the probate court entered its June 12, 2015, order dismissing Hurwich's complaint, the dismissal was an interlocutory order and not a final judgment.

Initially, we note that Hurwich's argument is untimely because he did not raise these specific points on appeal. "It is axiomatic that an issue not briefed or urged in the original briefs on appeal generally cannot be raised for the first time in a petition for rehearing." *Strong v. Jackson*, 781 N.E.2d 770, 772 (Ind. Ct. App. 2003). Nonetheless, we will address his argument.

In each of the two cases on which Hurwich relies, the probate court issued an order that related directly to how an estate was being administered at that time. In *Botkins*, during the disposition of the estate, the court issued an order regarding a petition to admit a different will to probate. 970 N.E.2d at 166. In *Dawson v. Estate of Ott*, the court issued an order regarding the personal representative's petition for a set-off against a balance owed on a real estate lien. 796 N.E.2d 1190, 1192-94 (Ind. Ct. App. 2003). We find the instant case

distinguishable from these two cases because here, the order issued by the probate court did not relate to the *present* administration of the Estate. Instead, the order dismissed a complaint alleging that MacDonald had mismanaged the Estate's assets and had breached her fiduciary duties during the first administration of the Estate, which ended six years before the Estate was reopened and seven years before the complaint was filed. The complaint was unrelated to the second administration of the Estate that was taking place when the complaint was filed and then dismissed. Therefore, because the probate court's order was not related to how the Estate was *presently* being administered, the fact that the Estate was open when the probate court dismissed Hurwich's complaint is irrelevant to the question of whether Hurwich should be able to file an amended complaint. Hurwich's argument on this basis is unavailing.

[5] Hurwich also points out that, had the probate court entered its order without prejudice, as it should have done, he would have been able to file an amended complaint pursuant to Indiana Trial Rule 12(B). He contends that because the probate court dismissed his claim with prejudice, he was not able to do so, and instead filed a motion to reconsider. Yet, months later, he inexplicably decided to file a motion for leave to amend his complaint.

[6] Now, following our opinion in which we found that the probate court erred by dismissing his complaint with prejudice, Hurwich asks this Court to instruct the probate court to vacate and re-enter its order without prejudice, thereby allowing him to file an amended complaint. But this request for relief was mentioned only briefly and vaguely in the conclusion of Hurwich's appellate

brief; he did not include this request in his argument section or provide support or reasoning to justify this particular manner of relief. Hurwich also contends that justice warrants allowing him leave to amend his complaint, but again, and as Hurwich acknowledges, this contention was not included in his appellate brief. His request on this basis simply comes too late.

[7] While we grant this petition to address Hurwich's argument, with these comments, we reaffirm our original decision.

Kirsch, J., and Bradford, J., concur.