FILED
Jun 22 2023, 8:44 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

John R. Worman
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Robert J. Henke
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In The Matter of L.S., a Child in Need of Services, <br><br> J.C., <br><br> *Appellant-Respondent,* <br><br> v. <br><br> Indiana Department of Child Services, <br><br> *Appellee-Petitioner.* | June 22, 2023 <br><br> Court of Appeals Case No. 22A-JC-2822 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Brett J. Niemeier, Judge <br><br> Trial Court Cause No. 82D04-2012-JC-1797 |

**Opinion by Judge Foley**
Chief Judge Altice and Judge May concur.

**Foley, Judge.**

[1]	J.C. ("Father") appeals the trial court's denial of his motion to modify the placement for his child, L.S.  Father failed, however, to correctly perfect this appeal.  His notice of appeal indicates that the order denying the modification is a final appealable order, which it is not.  Father did not seek an interlocutory appeal.  Thus, this court lacks appellate jurisdiction, and the appeal is dismissed.

## Facts and Procedural History[1]

[2]	L.S. was adjudicated a child in need of services ("CHINS") on December 21, 2020, after an incident in which another minor child was removed from the home of K.S. ("Mother") where L.S. was living at the time.[2]  The other child required the administration of Narcan[3] at the hospital, and Mother tested positive for both benzodiazepine[4] and THC.[5]

[3]	During L.S.'s early life, Father was itinerant, and it was not until December 19, 2021, after his location was determined to be the Vanderburgh County Jail, that

---

[1] We offer here only an abbreviated recounting of the facts and procedural history because we find Father's erroneous filing to be dispositive as a jurisdictional matter.  Thus, none of the proceedings below prior to the filing of the notice of appeal bear on our legal analysis.

[2] L.S. was then approximately six months old.

[3] Also known as naloxolone, Narcan "is a medicine that rapidly reverses an opioid overdose." https://nida.nih.gov/publications/drugfacts/naloxone (last accessed May 22, 2023).

[4] "Benzodiazepines (sometimes called 'benzos') work to calm or sedate a person, by raising the level of the inhibitory neurotransmitter GABA in the brain."  https://nida.nih.gov/research-topics/opioids/benzodiazepines-opioids (last accessed May 22, 2023).

[5] Tetrahydrocannabinol is the active psychotropic ingredient in marijuana. https://nida.nih.gov/publications/drugfacts/cannabis-marijuana-concentrates (last accessed May 22, 2023).

he was determined to be L.S.'s biological father. Father was subsequently convicted of and sentenced on eight felonies ranging from bigamy to domestic battery to handgun possession to possession of narcotics.[6]

[4] L.S.'s paternal grandmother sought to become involved in the CHINS proceedings,[7] as did L.S.'s foster parents, and the juvenile court set the matter for a placement hearing. After the hearing, the juvenile court denied requests for L.S. to be placed with his paternal grandmother, concluding that it was in the child's best interest to remain in his foster placement. Father filed a notice of appeal on November 23, 2022, alleging that the basis for this court's jurisdiction was that he was seeking appeal from a final judgment as defined by Appellate Rule 2(H) and 9(I).

## Discussion and Decision

[5] As a general matter, the appellate courts of Indiana "have jurisdiction only over appeals from judgments either disposing of all claims as to all parties, or which the trial court certifies as lacking any just reason to delay entering judgment as to fewer than all the issues, claims, or parties under Trial Rule 54(B) or Trial

---

[6] Father will be released, at the earliest, in 2038. The juvenile court's only dispositional order with respect to Father was that he contact the Department of Child Services within twenty-four hours of his release.

[7] It appears from the record that Father made an oral request that L.S. be placed with the paternal grandmother during a hearing on September 29, 2022. It also appears that the father of a different child—related to L.S.—consented to placement of the other child with L.S.'s paternal grandmother, as did both Mother and Father. There are references to the paternal grandmother requesting placement prior to that hearing, but the appendix submitted as part of this appeal does not contain any such formal or written request.

Rule 56(C)." *Means v. State*, 201 N.E.3d 1158, 1163 (Ind. 2023) (citing *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012)). Appellate Rule 2(H) provides that:

> A judgment is a final judgment if . . . it disposes of all claims as to all parties . . . [or] . . . the trial court in writing expressly determines under Trial Rule 54(B) . . . that there is no just reason for delay and in writing expressly directs the entry of judgment . . . under Trial Rule 54(B) as to fewer than all the claims or parties.

[6] Ordinarily—and by definition—placement orders by the juvenile court in CHINS proceedings are not final judgments. *See, e.g., In re D.W.*, 52 N.E.3d 839, 841 (Ind. Ct. App. 2016) (juvenile court's order which, *inter alia*, denied a motion for placement modification was not a final appealable order); *In re K.F.*, 797 N.E.2d 310, 314–15 (Ind. Ct. App. 2003) (holding that a permanency plan in a CHINS action is not a final judgment). The juvenile court has the statutory authority to remove a child that has been adjudicated a CHINS from his or her home and place her in the home of another or in a shelter care facility. Ind. Code § 31-34-20-1(a)(3). Placement decisions are necessarily continuing (rather than final) in nature, which is why they are reviewed every six months. I.C. § 31-34-21-2.

[7] On the other hand, we have held at least once that we may accept jurisdiction over a CHINS action during its pendency via an interlocutory appeal of a placement or custody decision in accordance with Appellate Rule 14, the rule governing the primary exception to our general rule limiting appellate jurisdiction to final orders. *E.R. v. Marion Cnty. Off. of Fam. & Child.*, 729

N.E.2d 1052, 1059 (Ind. Ct. App. 2000) ("The placement decisions as to all five of the children are continuing in nature and are ripe for interlocutory appeal.").

[8]     While we recognize that some circumstances may favor the availability of an interlocutory appeal for a placement decision,[8] we are concerned that a blanket rule allowing interlocutory appeals of any and all placement or custody determinations would threaten the principles underlying our jurisdictional rules and our deference to family law courts on matters dictated by the delicate balance between the best interests of the child and the constitutional rights of the parents.  Most appeals are filed after a final judgment, and with good reason.  Indiana Trial Rule 54(B) states in pertinent part:

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

[9]     "The purpose of Trial Rule 54(B) is to avoid piecemeal litigation and appeal of various issues in a case and to preserve judicial economy by protecting against the appeal of orders that are not yet final." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citation omitted).  Expanding our appellate jurisdiction to any and all custody or placement decisions made by a CHINS

---

[8] A scenario in which, for example, the placement of the child would have international implications.

court may invite a deluge of new appeals, each one with the potential to sidestep the interests in judicial economy and expedience upon which both our CHINS and jurisdictional jurisprudence are based.[9]

[10] Having identified this challenging question, however, we now expressly leave the matter for another day. Here, Father failed to file his appeal under Appellate Rule 14. And the appealed order does not meet the requirements of Rule 54 insofar as it does not contain the requisite "magic language[,]" despite Father's notice of appeal purporting to seek relief from a final appealable judgment. *See, e.g., Indy Auto Man, LLC v. Keown & Kratz, LLC*, 84 N.E.3d 718, 721 (Ind. Ct. App. 2017) (citing *In re Estate of Botkins*, 970 N.E.2d 164, 167 (Ind. Ct. App. 2012) (holding that an order was not final for purposes of appeal absent the "magic language" that there is no just cause for delay and directing an entry of a judgment from which appeal may be taken.). Accordingly, we are without appellate jurisdiction over this appeal. *Id*. at 719–20 (citing *Front Row Motors, LLC*, 5 N.E.3d at 757).

[11] Dismissed.

Altice, C.J., May, J.

---

[9] Albeit subject to the appealing party complying with the requirements of Appellate Rule 14 and receiving permission from both the trial court to file the appeal and this court accepting jurisdiction over said appeal.